**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                       Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED and<br>CELSIUS KEYFI LLC,<br><br>                       Plaintiffs,<br><br>                       v.<br><br>JASON STONE and KEYFI INC.,<br><br>                       Defendants. | Adversary Proceeding<br>No. 22-01139 (MG)<br><br>**JOINT RULE 26(F) REPORT** |

In accordance with Fed. R. Civ. P. 26(f) (made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7026), the parties to the above captioned adversary proceeding (the "Adversary Proceeding"), Plaintiffs Celsius Network Limited ("CNL") and Celsius KeyFi LLC ("Celsius KeyFi," and together with CNL, "Plaintiffs" or "Celsius") and Defendants Jason Stone and KeyFi, Inc. ("KeyFi," and together with Stone, "Defendants," and together with Plaintiffs, the "Parties"), met and conferred on September 9, 2022 regarding each of the topics set forth in Fed. R. Civ. P. 26(f) and present this report pursuant to Fed. R. Civ. P. 26(f)(2) in anticipation of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

the pre-trial conference scheduled for October 6, 2022 (the "Initial Pre-Trial Conference") as follows:

**(a) Initial Disclosures**

The Parties have agreed to exchange initial disclosures covering all issues addressed under Fed. R. Civ. P. 26(a)(1)(A) (the "Initial Disclosures") in accordance with the pretrial schedule as set forth in the Case Management & Scheduling Order attached as Exhibit A (the "Proposed Scheduling Order").

**(b) Subjects of Discovery**

The Parties anticipate engaging in discovery on the issues set forth and/or raised in the complaint filed by Plaintiffs [ECF No. 1] (the "Complaint"). Those issues include, among other things:[2]

(i) The Defendants disposition of coins provided to them by Celsius, and their proceeds;

(ii) Stone's experience and competence in coin staking, DeFi, and other investment strategies;

(iii) Celsius' engagement of Stone and KeyFi;

(iv) The formation of Celsius KeyFi, including, but not limited to, documents concerning the LLC Agreement;

(v) Celsius' acquisition of KeyFi;

(vi) The MOU, APA, and Services Agreement;

(vii) The profit sharing mechanisms under the MOU, APA, and Services Agreement.

(viii) The 0xb1 Wallet, including the creation thereof and the transactions arising or involving the 0xb1 wallet;

(ix) Stone and KeyFi's deployment of Celsius coins pursuant to the MOU, APA, and Services Agreement or otherwise;

---

[2] Capitalized terms not defined here have the meaning given to them in the Complaint.

(x) The coins and assets the Defendants transferred from Celsius' wallets to any non-Celsius wallets or other destinations, including any permission or lack of permission received from Celsius personnel regarding the same;

(xi) The Defendants use of assets or proceeds derived from the assets provided by Celsius, including to purchase or otherwise acquire NFTs, equities and other interests;

(xii) The profits (or losses) Stone or KeyFi generated using Celsius' assets, including the mechanism and asset-basis for such calculation;

(xiii) The location of all Celsius assets still held by Stone or the proceeds thereof;

(xiv) Any purported obligation of Celsius to hedge against Stone and KeyFi's activities;

(xv) Stone's use of Tornado Cash; and

(xvi) Stone's activity on social media involving Celsius or regarding Celsius' assets.[3]

**(c) Disputes Regarding Discovery**

The Parties agree to comply with this Court's rules for "Conferences" and "Discovery Disputes" in raising any discovery disputes with the Court, as well as the terms of the Proposed Scheduling Order.

**(d) Electronically Stored Information ("ESI")**

The Parties reported that each has sent document preservation notices to their respective clients, and reserve all rights relating thereto. Plaintiffs have requested that Defendant KeyFi also send document preservation notices to KeyFi's equity owners, and to any of its current and former employees or other personnel, and Defendant KeyFi has sent such a document preservation notice.

---

[3] Nothing in this report shall be deemed an admission by any Party concerning the substance or merits of any of their respective claims, defenses, rights or remedies in connection with the Adversary Proceeding, or that documents or information relating to the issues identified in the report exist, are admissible or are relevant.

**(e) Changes in the Limitations on Discovery, and Whether Discovery Should be Conducted in Phases or Focused on Particular Issues**

Plaintiffs believe that the presumptive limit of seven hours per deposition pursuant to Fed. R. Civ. P. 30(d) may have to be extended for certain depositions, including Mr. Stone, and that any disputes should be addressed on a witness-by-witness basis. Plaintiffs believe that Defendants should be required to make certain disclosures, including relating to the Defendants' disposition of property provided to them or derived from property provided to them by Celsius, immediately.

Defendants believe that the depositions of each of the relevant individuals should be able to be completed within the normal seven hours of Fed. R. Civ. P. 30(d). In the event that the Court determines that Mr. Stone's deposition should exceed the seven-hour limit, Defendants request that depositions of Celsius officers such as Alex Mashinsky and Nuke Goldstein likewise be extended. Likewise, Defendants disagree that they should be required to provide Plaintiffs with any disclosure beyond what is normally required by the Federal Rules of Civil Procedure.

**(f) Pretrial Schedule**

The Parties have agreed to the Proposed Scheduling Order attached as Exhibit A. The Proposed Scheduling Order is based off the form provided by the Court in the "Evidentiary Hearings and Trials" section of the "Chambers' Rules" tab of the Court's website. The Parties seek to vary the form provided by the Court in five respects.

First, the Parties have provided that (i) pleadings may be amended as permitted under Fed. R. Civ. P. 15(a)(1) and (ii) any motion to amend the Complaint or join additional parties may be filed within ***the later of*** 60 days from the date the Proposed Scheduling Order is entered and 21 days from the date a decision on the motion to dismiss is entered.

4

Second, in order to facilitate expeditious fact discovery, the parties have agreed to exchange Initial Disclosures on September 30, 2022, rather than 14 days from the date the Proposed Scheduling Order is entered.

Third, the parties have provided that all fact discovery be completed by March 10, 2022, rather than 120 days from entry of the Proposed Scheduling Order.

Fourth, the Parties have provided that all expert discovery be completed within 75 days after the completion of all fact discovery, rather than 45 days. The Parties make this request in light of the complexity and novelty of the issues in this case.

Fifth, the Parties have added a provision allowing them to modify any discovery deadlines (to the extent agreed to among the Parties during the course of the litigation) without further Order of this Court, aside from the date for completion of all fact discovery and the date for completion of all expert discovery which will require Court approval.

Sixth, the Parties have added language indicating that the face-to-face settlement conference set forth in Paragraph 7 of the Proposed Scheduling Order may be in person or by videoconference.

Each Party reserves its rights to seek modifications to the Proposed Scheduling Order pursuant to Fed. R. Civ. P 16(b)(4).

**(g) Protective Order**

The Parties have agreed that a stipulated Protective Order under Fed. R. Civ. P. 26(c), protecting the confidentiality of certain confidential, sensitive and proprietary information, is appropriate in this case. To that end, the parties intend to review and, as appropriate, modify the Confidentiality Agreement and Stipulated Protective Order agreed to as between the Debtors and the Official Committee of Unsecured Creditors [Case No. 22-10964 (MG), ECF No. 749] to serve as the protective order in this Adversary Proceeding. The Parties will submit the proposed

5

protective order to the Court in advance of the Initial Pre-Trial Conference. The Parties note that certain documents to be produced in this litigation may contain highly sensitive "cryptographic keys" and other information related to virtual wallets where crypto assets are held. Such information is akin to bank account information and will need to be closely protected from public disclosure.

The Parties intend to engage in discussions regarding the form of any privilege log required by Fed. R. Civ. P. 26(b)(5) but have not yet done so.

**(h) Settlement or Resolution of the Matter**

The Parties began communicating about a potential amicable resolution of the issues raised in the Complaint in March 2021. Over the course of approximately a year, the Parties exchanged substantial correspondence and had detailed discussions regarding settlement. In connection therewith, the Parties engaged in a comprehensive mediation before Jed D. Melnick, Esq., of JAMS. Despites these exhaustive efforts, the Parties were unable to reach any agreement. The Parties will meet face-to-face to discuss settlement or use of alternative dispute resolution ("ADR") as set forth in the Proposed Scheduling Order and advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case.

*        *        *

The Parties are available to discuss any issues raised in this report at the Initial Pre-Trial Conference or at the Court's convenience.

Dated: September 22, 2022

By:     ___/s/ *Mitchell P. Hurley*_____
       Mitchell P. Hurley
       Dean L. Chapman Jr.
       Michael Chen
       AKIN GUMP STRAUSS HAUER & FELD LLP
       One Bryant Park
       New York, New York 10036
       Telephone: (212) 872-1000
       mhurley@akingump.com
       dchapman@akingump.com
       mchen@akingump.com

       *Counsel to the Plaintiffs*


       ___/s/ *Kyle Roche*_____
       Kyle Roche
       Daniel Stone
       ROCHE FREEDMAN LLP
       99 Park Avenue, Suite 1910
       New York, NY 10016
       Telephone: (646) 350-0527
       kyle@rochefreedman.com
       dstone@rochefreedman.com

       *Counsel to the Defendants*