## **Exhibit 40**

September 9, 2021 Letter from M. Hurley to K. Roche



**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

September 9, 2022

**VIA E-MAIL**

Kyle Roche
Roche Freedman LLP
99 Park Avenue, Suite 1910
New York, New York  10016
kyle@rochefreedman.com

Re:    *Celsius Network Ltd. et al. v. Stone et al.*, A.P. No. 22-01139 (Bankr. S.D.N.Y.)
       (the "Adversary Proceeding")

Dear Kyle:

As you know, we represent Celsius Network Limited and Celsius Keyfi LLC (together, "Celsius") in the above-referenced Adversary Proceeding against Jason Stone and Keyfi, Inc. (together, the "Defendants").

We write in an effort to expeditiously identify, and maintain the status quo respecting, certain property and transactions, including (i) any coins or other crypto assets that were made available by Celsius to the Defendants at any time, including by Celsius transferring such assets to wallets to which Defendants had or have the private keys, and the proceeds of any such assets, that (a) are currently in the possession, custody or control of the Defendants or any of the Defendants' officers, agents, employees, successors, affiliates and any person in active concert or participation with them (collectively with the Defendants, the "Stone Parties"), or (b) were transferred or otherwise disposed of by the Stone Parties or any of them, other than for deployment in investments on behalf of, and authorized by, Celsius (the "Stone Utilized Assets"), and (ii) all property acquired by the Stone Parties or any of them, in whole or in part, directly or indirectly, with any Stone Utilized Assets, including any non-fungible tokens ("NFTs"), equity interests or other property of any kind (the "Subject Property").  We do not believe that the Defendants deny either that the Stone Parties took possession of, transferred or otherwise disposed of Stone Utilized Assets, or that the Stone Parties acquired Subject Property using the Stone Utilized Assets.  Instead, we understand that the Defendants will contend that the Stone Parties somehow were justified in doing so, a claim with which Celsius strongly disagrees.

It is imperative that all Stone Utilized Assets and Subject Property be identified and preserved during the pendency of the Adversary Proceeding, and remain available to satisfy any



Kyle Roche
September 9, 2022
Page 2

judgment that Celsius may obtain, and that any Tornado Cash or other non-public transfers or dispositions of property of any kind by any of the Stone Parties be identified, and cease. To that end, we propose that the Defendants (x) prepare and sign under penalty of perjury a declaration (the "Declaration") that identifies (1) all Stone Utilized Assets and all Subject Property, and the locations thereof, and (2) the destination, location and other pertinent details concerning all property of any kind transferred or disposed of by any Stone Party using Tornado Cash or any other means of masking, concealing or otherwise obscuring the details of such transactions, and (y) consent to entry of a voluntary, so-ordered stipulation enjoining the Defendants while the Adversary Proceeding is pending from (1) using, accessing, transferring or disposing of, or allowing any of the Stone Parties to use, access, transfer or dispose of, any Stone Utilized Assets or Subject Property and (2) transferring or disposing of property of any kind, or allowing any of the Stone Parties to transfer or dispose of property of any kind, using Tornado Cash or any other means that would mask, conceal or otherwise obscure the destination, or any other pertinent details concerning, any such transfer or disposition of property (the "Voluntary Injunction").

       This matter is urgent, and Celsius therefore demands that the Defendants notify Celsius of their agreement to the foregoing proposal by 12:00 p.m. eastern time on Monday, September 12, 2022, and provide a draft Declaration for review by Celsius by 12:00 p.m. eastern time on Tuesday, September 13, 2022, so that the parties can seek to present the Declaration and Voluntary Injunction for consideration by the Court in advance of the hearing on Wednesday, September 14, 2022. We believe the Court would appreciate the parties agreeing on a mechanism for ensuring the referenced property remains available during the pendency of the case, and of identifying past, and ending any future, surreptitious property transfers by the Stone Parties, without requiring judicial intervention, and urge you and your clients to cooperate.

       Nothing contained herein is intended, nor should be construed, as a waiver of Celsius' rights, remedies, claims, and defenses, all of which are expressly reserved.

Sincerely,

*/s/ Mitchell Hurley*
Mitchell P. Hurley