## Exhibit 42

September 13, 2022 Letter from M. Hurley to K. Roche



**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

September 13, 2022

**VIA E-MAIL**

Kyle Roche
Roche Freedman LLP
99 Park Avenue, Suite 1910
New York, New York  10016
kyle@rochefreedman.com

      Re:    *Celsius Network Ltd. et al. v. Stone et al.*, A.P. No. 22-01139 (Bankr. S.D.N.Y.) (the "<u>Adversary Proceeding</u>")

Dear Kyle::

We represent Celsius in the above-referenced Adversary Proceeding, and write in response to your September 12, 2022 letter, in which you refuse on behalf of the Defendants to:

(i)    identify specific Celsius property, and proceeds of that property, that Stone misappropriated from Celsius,

(ii)    acknowledge, through entry into the proposed Voluntary Injunction, that Stone and the other Stone Parties are prohibited from using or further transferring that property, or

(iii)    confirm that Stone and other Stone Parties will cease using Tornado Cash and other money laundering tools during the course of this case.[1]

Contrary to your letter, ample grounds exist for entry of an injunction, including Stone's theft of Celsius' property, documented use of an on-chain "mixer" to conceal the destination of transfers of that stolen property and its proceeds, and other extraordinary misconduct. *Compare* Roche 9.12.2022 Letter at 1. Moreover, as explained in Celsius' complaint and correspondence, the assets at issue are estate property. Hence, the Voluntary Injunction proposed by Celsius primarily would require the Defendants to simply acknowledge, and commit to discharging, obligations the Defendants and their affiliates already have pursuant to the automatic stay imposed by Section 362 of the United States Bankruptcy Code. *See id*.

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in my letter to you dated September 9, 2022.



Kyle Roche
September 13, 2022
Page 2

Among other things, the Voluntary Injunction would expressly provide that the Stone Parties are stayed from (i) accessing for any reason any Celsius Wallets, including, without limitation, the Celsius Wallet with the address 0xb1adceddb2941033a090dd166462fe1c2029484 (the "<u>0xb1 Wallet</u>") or (ii) using, accessing, transferring or disposing of assets in, or that may be airdropped, transferred to, or otherwise become available (a) in any Celsius Wallet or (b) in, at or through the Ethereum staking wallet or any other application, smart contract or platform, including, without limitation, the approximately 25,000 Celsius Eth transferred to the staking wallet (the "<u>Staked Eth</u>") from the Celsius 0xb1 Wallet through the wallet with the address 0x3Fb9d44bc83D0DA2902E630AEd42Fc219f8A426.

Engaging in any of the foregoing conduct would violate (among other things) the automatic stay, and there is no legitimate basis for the Defendants' refusal to enter into the Voluntary Injunction. Nevertheless, it is evident from your letter that the Defendants will neither acknowledge, nor abide by, their obligations under the Bankruptcy Code and otherwise.[2]

Nothing contained in this letter constitutes a waiver or relinquishment of any of Celsius' claims, defenses, rights or remedies, all of which expressly are reserved.

                    Sincerely,

                    <u>/s/ Mitchell Hurley</u>
                    Mitchell P. Hurley

---

[2] Celsius also demands that Defendants certify that they and the other Stone Parties have destroyed the seed phrases and private keys in their possession for any Celsius Wallets, or associated with the Staked Eth. Based on your letter, Celsius will assume that Defendants are unwilling to do so, but please advise immediately if Celsius is mistaken.