**Exhibit 2**

## STANDSTILL AND TOLLING AGREEMENT

This standstill and tolling agreement (the "Agreement") is made and entered into October 19, 2021, between Akin Gump Strauss Hauer & Feld LLP, on behalf Celsius Network Ltd. ("Celsius") and Celsius KeyFi LLC ("Celsius KeyFi") and Roche Freedman LLP, on behalf of Jason Stone ("Stone") and KeyFi, Inc. ("KeyFi"), and any of their respective affiliates and successors (each a "Party" and together the "Parties").

## RECITALS

WHEREAS, Celsius began providing cryptocurrency coins to KeyFi for deployment in or around August 2020;

WHEREAS, Celsius KeyFi acquired KeyFi's assets pursuant to an asset purchase agreement (the "APA") dated December 31, 2020;

WHEREAS, Stone is the owner of KeyFi and was the Chief Executive Officer and a Class J Manager of Celsius KeyFi;

WHEREAS, Celsius and Celsius KeyFi contend they have claims against Stone and Keyfi, and Stone and KeyFi contend they have claims against Celsius and Celsius KeyFi, in each case relating to any business relationships between Celsius, Celsius KeyFi, Stone, and KeyFi;

WHEREAS, the Parties desire to maintain the status quo for the duration of the Standstill and Tolling Period (defined below) to allow the Parties to conduct settlement discussions without filing any complaints or otherwise resorting to litigation;

## AGREEMENT

NOW, THEREFORE, based on the recitals set forth above which are incorporated herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. The statute of limitations ("SOL") for any action, proceeding, claim, cause of action, or lawsuit that could be brought by any Party against any other Party arising from or relating to KeyFi and/or Stone's deployment of Celsius assets, Celsius' alleged deployment of coins at KeyFi and/or Stone's direction or failure to do the same, Stone's association with Celsius KeyFi and/or any of the other matters addressed in correspondence exchanged by the parties since March 26, 2021, including but not limited to letters sent by Akin Gump to Stone's former counsel dated May 17, 2021 and June 30, 2021 (an "Action") are tolled by this Agreement beginning on October 19, 2021 until the Expiration Date (defined below) (such time period, the "Standstill and Tolling Period").

2. The Standstill and Tolling Period shall not be counted in determining the time in which the Parties shall be permitted by any SOL to file an Action. No time that elapses during the Standstill and Tolling Period may be asserted or relied upon by any party to this Agreement in computing running of time for purposes of any SOL.

3. During the Standstill and Tolling Period, no Party shall commence any Action for legal, equitable or other relief of any kind against any other Party except as may be necessary to enforce this Agreement pursuant to paragraph 9 hereof.

4. This Agreement shall automatically expire on December 21, 2021, subject to extension by all Parties' express written consent (the "Expiration Date").

5. This Agreement is not, and shall not be construed to be, an admission or indication that (i) any Party hereto bears or does not bear any actual or potential liability to any other person (whether or not a Party to this Agreement) on any claim, action or complaint whatsoever, or (ii) that there is any wrongdoing of any nature by any Party or any element or basis for any claim against any Party. Except as expressly provided in Paragraph 2 with respect to time-based defenses, this Agreement is not intended to and shall not have any effect upon any defense that the Parties may assert in an Action. This Agreement may not be used or admissible for any purpose other than as may be required to rebut a time-based defense asserted in a manner inconsistent with paragraph 2 above, and enforcement pursuant to Paragraph 9 below. The Parties agree that this Agreement is subject to Rule 408 of the Federal Rules of Evidence and any similar rules as may be applicable.

6. Except as specifically provided herein, this Agreement shall not be deemed to constitute a waiver of any rights, claims or defenses of any Party hereto as against any other individual, corporation, partnership or other entity not a party to this Agreement.

7. This Agreement constitutes the entire agreement between the Parties and supersedes any prior negotiations and agreement between the Parties, whether written or oral, concerning tolling and standstill of Actions. This Agreement may not be modified except in writing duly executed by both Parties or their authorized representatives.

8. This Agreement shall be effective upon execution by representatives of all Parties.

9. The Parties agree that a remedy at law may be inadequate for breach of the terms of this Agreement and therefore, without limiting the availability of any other remedy, an injunction, specific performance, any other form of equitable relief or any combination thereof, shall be available to remedy such breach. The Parties waive any requirement for the posting of a bond in order to obtain such equitable relief.

10. The terms and fact of this Agreement are confidential, and shall not be disclosed to any non-Party, except to a court as may be necessary pursuant to paragraphs 5 and 9 hereof, or upon the further written agreement of the Parties.

11. This Agreement may be executed in counterparts by original signature, facsimile or pdf, each of which counterparts shall be deemed an original, fully enforceable counterpart for all purposes, but all of which shall together constitute one and the same agreement.

12. Each Party has had a full opportunity to consult with counsel and to review any materials that it desired to review in connection with the consideration and evaluation of this Agreement. This Agreement, therefore, shall not be construed against either Party on the basis that the Party was the drafter.

13. Each of the signatories below represents and warrants that they have authority to execute this Agreement and to bind their respective clients to the provisions of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

|  |  |
|---|---|
|  | AKIN GUMP STRAUSS HAUER & FELD LLP (on behalf of Celsius and Celsius KeyFi) |
| Date: October 27, 2021 | By: _[signature]_ |
|  | Title: _____ |
|  |  |
|  | ROCHE FREEDMAN LLP (on behalf of Stone and KeyFi) |
| Date: October 27, 2021 | By: _Kyle Roche_ (Kyle Roche) |
|  | Title: Partner |

4