**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors.<br><br>CELSIUS NETWORK LIMITED and<br>CELSIUS KEYFI LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JASON STONE and KEYFI, INC.,<br><br>Defendants. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered<br><br><br><br><br>Adversary Proceeding<br>No. 22-01139 (MG) |

**REPLY DECLARATION OF PATRICK HOLERT IN FURTHER SUPPORT OF**
**CELSIUS' MOTION FOR PRELIMINARY INJUNCTION**

I, Patrick Holert, declare under penalty of perjury:

1.      I am the Chief Operating Officer for Celsius Mining LLC, which operates a Bitcoin mining business and is a fully owned subsidiary of Celsius Network Limited ("Celsius"). I was previously a Financial Risk Officer at Celsius.

2.      I have a BA in Economics and Mathematics from Claremont McKenna College and attended the University of Chicago Booth School of Business.

---

[1] The Debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

3. I submit this reply declaration (the "Reply Declaration") in further support of Celsius' Motion for a Preliminary Injunction. Except as otherwise indicated, all facts set forth herein are based on my personal knowledge and on documents and information available to me based on my work for Celsius.

4. I previously submitted a declaration in support of the Motion. I hereby affirm the contents of that declaration. I am submitting this further declaration to respond specifically to certain arguments raised in the papers filed in opposition to the Motion by Defendants Jason Stone and KeyFi. Inc. ("Defendants").

5. I understand that Defendants allege that they are owed a "profit share" on account of their trading activities. To my knowledge, the Defendants never provided evidence to Celsius that their activities resulted in any profits at all, much less evidence of the amount of any such profit. And it is my understanding that, in fact, the Defendants returned far fewer coins than Celsius provided to them for deployment, which would constitute a very significant loss.

6. I further understand that Defendants have alleged that they were repeatedly assured that Celsius was hedging against Defendants' investments. But just the opposite was true. As Celsius' Financial Risk Officer, the hedging of Defendants' investments was an issue of great concern to me and one I raised with Defendants. Defendants specifically promised that in connection with their investment activities they would hedge against risks from price movements in the coins Defendants' deployed. For instance, in an email on August 18, 2020, Stone assured Celsius personnel that Defendants "would not open ourselves up to impermanent loss" in connection with investing Celsius' coins. And on January 28, 2021, Stone told me that the Defendants were using a platform called dYdX to hedge, as reflected in my contemporaneous

2

notes of the conversation. No one at Celsius ever assured Defendants that Celsius, and not KeyFi, would hedge.

7. It is worth noting, moreover, that it would have been impossible as a practical matter for Celsius to hedge against the Defendants' activities. While the DeBank application may have allowed Celsius to identify some of the positions in which the Defendants were engaged, tracking his numerous and complex deployments, and the performance of those deployments, would not have been manageable by anyone other than Defendants themselves. As described in my opening declaration, Defendants promised to build and deliver a "wormhole" program that would automatically track Defendants' numerous and complex coin deployments, but never did so. Hence, even if the parties had agreed that Celsius was to hedge Defendants activities—and they did not so agree—it would have been impossible for Celsius to hedge.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

3

Dated: December 1, 2022

DocuSigned by:

*Patrick Holert*

8CB33B740A3D4AD...

Patrick Holert