Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 22-10964-mg

4    Adv. Case No. 22-01139-mg

5    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6    In the Matter of:

7

8    CELSIUS NETWORK LLC,

9

10            Debtor.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12   CELSIUS NETWORK LIMITED et al.,

13                  Plaintiffs,

14           v.

15   STONE et al.,

16                  Defendants.

17   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

18

19                  United States Bankruptcy Court

20                  One Bowling Green

21                  New York, NY  10004

22

23                  November 23, 2022

24                  10:00 AM

25

1    B E F O R E :

2    HON MARTIN GLENN

3    U.S. BANKRUPTCY JUDGE

4

5    ECRO:   JONATHAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1    HEARING re Adversary proceeding: 22-01139-mg Celsius Network

2    Limited et al v. Stone et al

3    Case Management Conference Regarding Motion for a

4    Preliminary Injunction. (Doc ## 20 to 30)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 4

1   A P P E A R A N C E S :

2

3   LAW360

4        Attorneys for Law 360

5        111 West 19th Street

6        New York, NY 10011

7

8   BY:  RICHARD ARCHER

9

10   UNITED STATES DEPARTMENT OF JUSTICE

11        Attorneys for the U.S. Trustee

12        201 Varick Street, Suite 1006

13        New York, NY 10014

14

15   BY:  BRIAN S. MASUMOTO

16

17   KYLE ROCHE P.A.

18        Attorneys for KeyFi, Jason Stone

19        260 Madison Avenue, 8th Avenue

20        New York, NY 10016

21

22   BY:  KYLE WILLIAM ROCHE

23

24

25

```
 1   BAKER BOTTS

 2         Attorneys for Equities First Holding LLC

 3         2001 Ross Avenue, Suite 600

 4         Dallas, TX 75201

 5

 6   BY:  NOAH M. SCHOTTENSTEIN

 7

 8   ALSO PRESENT TELEPHONICALLY:

 9   PETER BACHYRITA

10   BRIANNA B. BILTER

11   UDAY GORREPATI

12   TAYLOR HARRISON

13   MIKE LEGGE

14   MATTHEW W. SILVERMAN

15   DANIEL STONE

16   CARL N. WEDOFF

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2              CLERK:  All right.  Starting the recording for

 3    November 23rd, 2022 at 10:00 a.m., calling Celsius Network

 4    Limited et al versus Stone et al, case number 22-1139.

 5              Mr. Chapman, if you could unmute and give your

 6    appearance, please.

 7              MR. CHAPMAN:  Yep.  Good morning.  Dean Chapman,

 8    Akin Gump for the debtors.

 9              CLERK:  Okay.  Are you going to be the primary

10    person speaking or is someone else?

11              MR. CHAPMAN:  My colleague, Mr. Hurley, Mitch

12    Hurley who I don't think is on yet, will be the primary on

13    this, but I'm here if you need me.

14              CLERK:  Okay.  Thank you.

15              All right.  You can pause the recording for now.

16              (Recess)

17              CLERK:  Good morning, Mitch.  If you could unmute

18    and give your appearance for the record, please.

19              MR.  HURLEY:  Good morning.  Mitch Hurley with

20    Akin Gump Straus Hauer & Feld on behalf of the debtors.

21              CLERK:  Okay.  Thank you.

22              All right.  The party with the 312-862-3555

23    number, if you could just identify yourself, please.  All

24    right.  Again, the party with the 312-862-3555 number.

25    Okay.  One last time, the party with the 312-862-3555
```

Page 7

1    number, could you please identify yourself.  Right.  Again,

2    party with the 312-862-3555 number, can you unmute and

3    identify yourself, please?

4              MS. WILLIS:  Good morning.  Good morning, Deanna.

5    Can you hear me?  It's Morgan from Kirkland.

6              CLERK:  Okay.  Morgan, just give me your full name

7    so I make sure I spell it correctly.

8              MS. WILLIS:  Willis, W-I-L-L-I-S.

9              CLERK:  Two Ls.  Okay.  Great.  Thank you.

10             MS. WILLIS:  Thank you.

11             CLERK:  All right.  Please pause the recording.

12             (Recess)

13             CLERK:  All right.  Kyle, if you could unmute and

14   give your appearance for the record, please.  Sorry.  I

15   can't hear you.

16             MR. ROCHE:  My apologies.  This is Kyle Roche on

17   behalf of Defendants KeyFi and Jason Stone.

18             CLERK:  Okay.  Thank you.

19             Judge, would you like to wait until the -- one of

20   the U.S. trustees joins, or do you want to get started?

21             THE COURT:  Let's -- I don't know if anybody from

22   the UST will be joining.  Let's wait another two minutes.

23   Is that okay?

24             CLERK:  Okay.  Yeah.  Shara Cornell said she

25   would.

```
 1              THE COURT:  Okay.  Let's --

 2              CLERK:  Okay.

 3              THE COURT:  Let's wait then.

 4              CLERK:  All right.  Thank you.

 5              All right.  Please pause the recording.

 6              (Recess)

 7              CLERK:  The party with the 202-934-4040 number, if

 8    you could unmute and just identify yourself.

 9              MS. CORNELL:  Shara Cornell.  I'm from the office

10    -- hi.  This is Shara Cornell on behalf of the Office of the

11    United States Trustee.

12              CLERK:  Okay.  Shara, are you going to be joining

13    separately with video or --

14              MS. CORNELL:  If I'm able to get my video up and

15    running, I will.

16              CLERK:  Okay.

17              MS. CORNELL:  I don't anticipate needing to speak

18    today.  I'm probably just listening, but I'm working on

19    getting that set up.

20              CLERK:  Okay.  And --

21              MS. CORNELL:  I apologize for the delay.

22              CLERK:  No problem.  I wasn't able to access my e-

23    mail after I e-mailed you.  Is Brian Masumoto going to be

24    joining as well, or --

25              MS. CORNELL:  No.  It's just going to be me today.
```

1         CLERK:  Okay.  Thank you.

2         MS. CORNELL:  Thank you.

3         CLERK:  Judge, would you like to get started?

4         THE COURT:  Yes, I would.  Thank you, and good

5    morning to everybody.  This is Judge Glenn.

6         I set the hearing for this conference in the

7    Celsius versus Stone and KeyFi, Inc. adversary to deal with

8    scheduling issues, so the motion to dismiss filed by the

9    defendants is set for hearing on December 5.  We have a

10   very, very long Celsius docket on December 5th.

11        We'll hear the motion to dismiss on that day, but

12   the plaintiff has filed a motion for preliminary injunction,

13   and I wanted to question Counsel whether -- what they

14   anticipate with respect to that preliminary injunction

15   hearing, which is in all likelihood going to have to be

16   moved.  I will not hear -- I will not have an evidentiary

17   hearing on December 5.

18        But let's start by -- Mr. Hurley, if you're taking

19   the lead, what if any discovery is you undertaking and what

20   witnesses do you expect to call in your case in chief on the

21   preliminary injunction?  Go ahead, Mr. Hurley.

22        MR.  HURLEY:  Good morning, Your Honor.  Again for

23   the record, Mitch Hurley with Akin Gump on behalf of the

24   debtors.

25        So the parties are engaged in discovery in plenary

1    action.  We have not discussed specific discovery related to

2    the motion for preliminary injunction.  From the debtor's

3    perspective, we don't think that discovery specific to the

4    preliminary injunction is necessary.  We have included with

5    our motion declarations from a couple of witnesses from

6    Celsius.  For the most part, those witnesses are putting

7    into evidence material from Etherscan, which is a kind of

8    software that allows tracing of transactions on the

9    blockchain.

10            And so while we of course would have those

11   witnesses available for any hearing for cross examination,

12   if Mr. Roche and his side want to cross, it wasn't

13   anticipated, at least by our side, that there would have to

14   be a material amount of evidence at the hearing itself other

15   than offering the declarations.  And again, if Mr. Roche had

16   some cross, I suppose we'd make -- not suppose.  Of course

17   we'd make time for that.  But it did not -- it's not a kind

18   of hearing that we at least anticipated would require a lot

19   of time with evidence.  It would be more about arguing the

20   (indiscernible).

21            THE COURT:  All right.  Are you seeking to take

22   the depositions of either Mr. Stone or anyone else in

23   relation to KeyFi?

24            MR.  HURLEY:  Not in advance of the preliminary

25   injunction hearing, Your Honor.  Certainly in the course of

1    discovery in the case, we will expect to take depositions,

2    including of Mr. Stone, and I'm sure Mr. Roche is going to

3    want to take depositions as well, but we had not -- in our

4    view, it's not necessary to take those depositions in

5    advance of the hearing on the preliminary injunction.

6          THE COURT:  All right.  Mr. Roche, what if any

7    evidence do you anticipate offering at the preliminary

8    injunction hearing?

9          MR. ROCHE:  We haven't fully committed to this

10   yet, but we anticipate having Mr. Stone testify on behalf of

11   both KeyFi and himself relating to the property at issue and

12   also relating to the action that was filed prior to the

13   initiation of the bankruptcy proceedings in New York Supreme

14   Court concerning the property and the relevant contracts at

15   issue in this case while we're -- the motion to dismiss is

16   still pending.

17         KeyFi -- both KeyFi and Stone have counterclaims

18   against Celsius, so those claims would be relevant to the

19   legal analysis of whether or not an injunction in effect in

20   part seeks prejudgment attachment of certain assets is

21   appropriate.

22         So I believe at this time, it will just be Mr.

23   Stone.  There may -- we may have an expert, but I think

24   that's unlikely at this time.

25         MR.  HURLEY:  Your Honor, I guess I should've

1    pointed out --

2            THE COURT:  Just a second.

3            MR.  HURLEY:  -- that we have not --

4            THE COURT:  Mr. Hurley, just stop.  I'll tell you

5    when to respond, okay?

6            Mr. Roche, an expert on what topic?  On what

7    subject?

8            MR. ROCHE:  Right.  Just the only -- the only

9    expert testimony that I could see potentially being helpful

10   for the Court is just the tracing of the transactions or any

11   discussion on the Staked ETH at issue, but I think that is

12   unlikely in part because Mr. Stone himself is an expert on

13   most of these issues and I think can explain to the Court

14   the series of events at issue in the preliminary injunction

15   and at issue in both this case and the case in New York

16   Supreme.

17           THE COURT:  So it's the Court's practice for any

18   trial, whether preliminary injunction trial or otherwise, to

19   have the direct evidence of each side presented by

20   declaration, so you will have to provide a declaration with

21   Mr. Stone's direct testimony.

22           And what I want to do now is I want to deal with

23   the scheduling of it.  If you're -- if you intend to have an

24   expert testify in opposition to the preliminary injunction,

25   that expert's going to have to be identified promptly, and

1    the expert report or direct testimony of the expert is going

2    to have to be in written form and provided to Mr. Hurley and

3    his colleagues, and I want to set the schedule for all of

4    that.

5            If -- let me ask you, Mr. Hurley, in light of Mr.

6    Roche's statement that he intends to use the direct

7    testimony of Mr. Stone in opposition to the PI, do you wish

8    to take his deposition in advance of the preliminary

9    injunction hearing?

10           MR.  HURLEY:  Thank you, Your Honor.  The

11   opposition papers are due, I believe, on the 28th, and so --

12   and I presume if Mr. Roche is going to offer testimony from

13   Mr. Stone, he'd probably plan to do it in a declaration that

14   he'd provide us at that time?

15           THE COURT:  He's going to have to.

16           MR.  HURLEY:  Right.

17           THE COURT:  He's going to have to.  All of the

18   testimony that Mr. Roche is going to offer in opposition --

19   the direct testimony in opposition to the preliminary

20   injunction is going to have be provided with the opposition.

21           MR.  HURLEY:  Right.

22           THE COURT:  What is your view on taking his

23   deposition then?

24           MR.  HURLEY:  I haven't seen a declaration yet.

25   It's actually conceivable to me that even if he puts a

1   declaration in, we might not need it.  So if it was possible

2   with the Court, I guess I'd like to reserve until I see it.

3   But if the -- if you need an answer right now, I think, you

4   know, to be -- out of an abundance of caution, I suppose we

5   should reserve time to take a deposition.

6         THE COURT:  Mr. Roche, do you wish to take

7   depositions of the declarants in support -- who supported

8   the preliminary injunction?

9         MR. ROCHE:  Your Honor, I had not considered that

10  prior to this hearing.  I think what I would ask -- or what

11  -- is for -- after we put in our opposition papers, which

12  will likely just include, again, the declaration of Mr.

13  Stone on Monday for Mr. Hurley and I to meet and confer and

14  decide whether or not depositions are necessary, and let the

15  Court know at that time.

16        THE COURT:  Okay.  Just -- I'm making some notes.

17  Let me make clear I have no problem if you decide to do it

18  the old-fashioned way, which is to not take the depositions

19  but cross-examine the declarants at an evidentiary hearing.

20  But -- so it's your -- I mean, I will set a deadline if

21  you're going to take the depositions, when they have to be

22  completed, and -- but if you decide -- the declarants need

23  to be made available for cross-examination.

24        The preliminary injunction hearing will be a

25  hybrid hearing.  All of the principle -- all of the

1   witnesses and all of the lawyers for the parties will be

2   conducting the hearing, will be present in my courtroom.

3   There will be hybrid or a Zoom connection for any other

4   parties.

5           Obviously the Celsius case, they're only --

6   Celsius on the one hand and Stone and KeyFi as the parties

7   to the adversary proceeding, they're -- there are countless

8   parties in interest in the Celsius Chapter 11 case.  Zoom

9   hearings have ranged from, you know, 50 or 100 to as many as

10  over 700, so there will be a Zoom access, but I will not

11  permit the Zoom parties -- parties in interest to question

12  witnesses or make arguments if they're not parties to the

13  adversary proceeding.  The preliminary injunction will be in

14  the adversary proceeding.

15          It is, you know, at this stage hard.  What I would

16  hope is that you can complete all of the evidence and

17  arguments in a single day.  If -- what I'm going to do is

18  set the hearing on the preliminary injection for Wednesday,

19  January 11th and Thursday, January 12th.  It's a Wednesday

20  and Thursday, January 11th and 12th.  Hopefully it won't be

21  necessary to have the hearing on the 12th, but I'm --

22  depending on the number of witnesses and argument, I'm going

23  to at least block those.  Right now the 11th is already

24  calendared for something else, but -- which is unlikely to

25  happen, and I'll have to deal with that accordingly.

1               For purposes of the preliminary injunction

2        hearing, the parties are going to have to prepare a joint

3        pretrial conference order.  The template for pretrial

4        conference orders that I use is on the Court's public

5        website under my chamber's rules, and I expected it to be

6        complete -- to be fully completed.  It is -- and I'm going

7        to require it to be filed by 5 p.m. January 4th, 2023.  It

8        is -- you'll look at the template.  I mean, it will

9        hopefully include stipulations to many of the facts that are

10       -- that are not in dispute.  You'll need to identify each

11       exhibit that you intend to offer in your case in chief

12       either for or in opposition to the preliminary injunction.

13               Hang on just one second.  I apologize for that

14       interruption.

15               All right.  So when you look at the template, it

16       requires a considerable amount of work.  You're going to

17       have to identify specifically the issues to be -- to be

18       tried.  Obviously they're set by the preliminary injunction

19       motion and the opposition, but I'm going to leave it to you

20       two to get that -- get that template, and you'll see that it

21       does require considerable work.

22               To be clear, I do not permit -- other than for

23       exhibits used for impeachment, I do not allow either party

24       to use any exhibits at a trial or in this case a preliminary

25       injunction trial that have not been identified in the

1    pretrial conference order.  Along with the -- that January

2    4th date deadline, I'm going to require that the Court be

3    provided with copies of all of the exhibits that either side

4    has listed in the exhibit list.

5            That'll also be the deadline, if you -- well, you

6    will have filed your declarations that you're using either

7    in support of or in opposition to the preliminary

8    injunction.  If there are any other -- certainly you'll have

9    -- you know, they'll -- if there's any change in your plans

10   about number of witnesses, you need to identify them

11   sufficiently ahead of time that either of you can take

12   depositions if you wish.

13           I also -- the -- I'm assuming the briefs will be

14   the briefs that are already filed by Celsius in support of

15   the preliminary injunction and the opposition that's to be

16   filed by the defendants.  Any reply -- just give me a moment

17   here to look at the schedule.

18           Mr. Hurley, if the opposition is due on November

19   28th, I'll give you a week until December 5 at 5:00 p.m. to

20   file any reply brief, and that should encompass all of the

21   briefing for the preliminary injunction hearing.

22           Let me ask you first, Mr. Hurley, is there

23   anything else that you think -- that I haven't raised so far

24   that should be raised for purposes of this hearing?

25           MR.  HURLEY:  I don't believe so, Your Honor.

1           THE COURT:  Okay.  Mr. Roche?

2           MR. ROCHE:  No, Your Honor.

3           THE COURT:  Just give me a second.

4           MR.  HURLEY:  Your Honor, this may be on your

5      joint PTO order, but do you anticipate opening or closings

6      at the evidentiary hearing or just testimony?

7           THE COURT:  Well, I guess -- I will allow

8      openings.  I will have read all the papers.  Let me put it

9      that way.  I'll be fully prepared.

10           I certainly would permit each of you to make

11      opening statements, but I think what may be more important

12      is the closing arguments that you have, but I won't prevent

13      either of you from making an opening statement.  I will have

14      read everything in advance, the direct -- you know, the

15      declarations.

16           And I should say if you're -- any declarant should

17      be present in the court for cross-examination.  If there any

18      -- if there's any deposition testimony that either side is

19      designating, you'll see in the pre-trial conference order it

20      calls for designations and cross-designations, but here it

21      sounds to me there'll be a very limited number of witnesses.

22           I guess the one thing that I -- absolutely are --

23      since you said, Mr. Roche, you may or may not call an

24      expert, you know, you're going to have to do that pretty --

25      you're going to have to line up your expert pretty quickly

1    and put in -- put in his or her declaration, and the two of

2    you will need to work out the depositions if there are going

3    to be depositions.

4           The one thing from the Court's standpoint,

5    everything absolutely has to be completed so that you have a

6    complete pre-trial conference order.  If you don't list a

7    witness in the pre-trial conference order, he or she is not

8    being -- is not testifying at the hearing.  I require

9    complete transparency of the evidence being offered in

10   opposition.

11          The only thing you don't -- if there are -- if

12   there are impeachment documents, you don't have to -- and if

13   you're only using something for impeachment, I don't

14   absolutely require that they be listed in the -- in the

15   pretrial conference order, though generally, I must say

16   people usually do.  But -- and then it's only for

17   impeachment purposes.  If you try to use a document that's

18   not listed in the pretrial order and you're not using it for

19   impeachment, you're not going to use it.

20          MR. ROCHE:  Understood.

21          THE COURT:  So it's important that the -- that it

22   be complete.

23          MR.  HURLEY:  Your Honor, may I ask --

24          THE COURT:  Go ahead, Mr. Hurley.

25          MR.  HURLEY:  Sorry.

Page 20

1              THE COURT:  Go ahead.

2              MR.  HURLEY:  If I could ask two questions.

3              THE COURT:  Sure.

4              MR.  HURLEY:  One is to the extent Mr. Roche does

5    provide a declaration from an expert on the 28th, whether

6    Celsius will have the ability to consider at least putting

7    in an expert in rebuttal.

8              THE COURT:  Yes.  You're going to have to do it

9    very promptly.  Work out with Mr. Roche the timing of that.

10             The thing that I'm absolutely firm on is the

11   January 4th, 5:00 p.m. deadline for submitting everything to

12   the Court.

13             MR.  HURLEY:  Understood.  Thank you.

14             Second question relates to the in-person

15   appearances of witnesses.

16             THE COURT:  Yes.

17             MR.  HURLEY:  A couple of the witnesses -- I know

18   at least one would have to travel from a very great distance

19   indeed to appear live, which obviously would be an expense

20   for the estates.  Is it -- is it possible for witnesses who

21   are -- who would have to travel great distances to appear by

22   telephone or by Zoom?

23             THE COURT:  What's a great distance?

24             MR.  HURLEY:  So Dean, can you remind me where Ron

25   Sabo is located?

1           MR. CHAPMAN:  Yeah.  He's in Portugal.

2           MR.  HURLEY:  Right.  And Shiran may be in

3     Israeli.  He may be local.  I'm not sure.

4           MR. CHAPMAN:  He's in Israel, I believe.

5           MR.  HURLEY:  Yeah.  So Israel and Portugal.

6           MR. CHAPMAN:  He spends part of his time there.

7           THE COURT:  What you should do, Mr. Hurley, is

8     confer with Mr. Roche and see whether you can reach an

9     agreement.

10          My strong preference is to have the witnesses in

11    the courtroom.  Over the course of the last two years --

12    plus years, yes, I have had some entirely Zoom trials.  I'll

13    just say in the absence of an agreement with Mr. Roche, I

14    will require the witnesses to be present in the courtroom.

15          If a witness appears -- is testifying by Zoom,

16    which I have had happen, the ground rules that I've set is

17    that the witness be fully onscreen and no lawyer with, you

18    know -- other judges -- I have not had this problem but

19    other judges have had this problem with Zoom witnesses where

20    someone is purportedly coaching the witness.  I want to be

21    sure that a -- that no one else is within range, no one else

22    communicates with the witness during his or her testimony.

23          I do not permit sharing a screen with the witness

24    and exhibits, so the witness needs to have copies of any

25    exhibits that are being used, and I need to have copies of

1    all the exhibits, so it's unsatisfactory from the Court's

2    standpoint when someone tries to share the screen, to put a

3    document up and have a witness testify because the witness

4    becomes a very small box, and I don't permit that.

5              But as I say, in the first instance, you need to

6    try and reach an agreement with Mr. Roche.  If you cannot

7    reach an agreement on, you know, Zoom testimony of someone

8    who is in Portugal or in Israel, then they'll have to be

9    present in the Court.

10             MR.  HURLEY:  Understood, Your Honor.

11             THE COURT:  Okay.  Mr. Roche, do you have any

12   questions?

13             MR. ROCHE:  Your Honor, yes.  Just I think prior

14   to this hearing, I was under the understanding that there's

15   a number of legal issues that don't involve the facts of the

16   case as to why the preliminary injunction fails, but

17   considering that the hearing will be at least in part a mini

18   trial on the merits relating to some of the issues in this

19   case, I do think we may want a few third-party depositions

20   to proceed in the next month.  And so my question is for the

21   admission of deposition testimony, if we're able to take

22   those depositions.

23             I think one of the individuals is still at

24   Celsius.  A couple of the individuals I could think of would

25   not be.  Would the Court permit the deposition testimony to

Page 23

1    be entered as evidence at the hearing?

2           THE COURT:  For any witness under your control,

3    they have to appear at the hearing.

4           MR. ROCHE:  Understood.

5           THE COURT:  If a witness is not under your control

6    and you wish to take a deposition for purposes of

7    memorializing their testimony and offering their deposition

8    transcript, you'll see from my pretrial conference order

9    requires designations, cross-designations, and objections

10   along with the pretrial conference order.

11          I think that this -- you know, your motion to

12   dismiss will be heard on December 5.  If you believe there

13   are -- well, the evidentiary hearing relates to preliminary

14   injunction.  If you believe that there's testimony that you

15   want to elicit and introduce relevant to the preliminary

16   injunction hearing, you know, notice the depositions and --

17          Let me -- you know, my -- in light of what you're

18   saying now, I'm going to require that all depositions must

19   be completed on or before 5:00 p.m. December 22.

20          You know, I realize that all of you, and me, and

21   my court staff all have issues about the holidays, but I

22   want to -- what I don't want is that first week in January

23   being consumed with discovery that should've been completed

24   before.  Even -- I'm setting the absolute deadline of

25   December 22, but you -- the two of you need to confer sooner

1    rather than later, and if there are depositions that either

2    of you are going to take, get them scheduled and take them.

3    I don't think either of you want your holidays taken up with

4    preparing the papers in this case.

5              I just -- you know, if I could've gone forward

6    with this in December, I would've gone forward with this in

7    December.  My calendar is extremely heavy in December and

8    January as it is, but this is -- you know, a preliminary

9    injunction is important, and we'll go forward with it.

10             But I think the important thing, Mr. Roche, is you

11   and Mr. Hurley or his colleagues, whoever he wants you to

12   deal with, that you work this out sooner rather than later.

13   And the sooner you can schedule and take the depositions,

14   the better that will be.

15             MR. ROCHE:  Understood.

16             THE COURT:  Mr. Hurley, is there anything you want

17   to add?

18             MR.  HURLEY:  Well, Your Honor, it sounds like we

19   may have a disagreement about the appropriate scope of

20   discovery related to preliminary injunction motion.  The

21   facts that we rely on are actually quite narrow, and so if

22   we have a disagreement of that kind, are there any special

23   procedures you would recommend we follow for bringing a

24   dispute like that to Your Honor's attention beyond what's in

25   your individual chamber's rules?

1          THE COURT:  Sure.  Let me be clear about it.

2    First off, the fact that you believe the issues for the

3    preliminary injunction are narrow -- and they may well be.

4    I can't say that at this point.  If Mr. Roche in good faith

5    believes that there are defenses to the preliminary

6    injunction and that those require development of facts

7    through depositions, in all likelihood, I'm going to permit

8    him to take the depositions.  I'm not going to decide a

9    preliminary injunction motion by deciding a discovery

10   dispute.

11          With respect to discovery disputes, I do not

12   permit motions to compel.  My procedures are the party

13   needing the assistance of the Court contacts my courtroom

14   deputy, and we arrange a very prompt and probably a Zoom

15   hearing.  I often have those the same day or within a day or

16   two at the most of the request.  Other than privilege

17   issues, I don't even -- I don't even want letter briefs.

18          What -- I will listen to you both, and inevitably,

19   I'm able to decide that dispute very quickly.  So that's the

20   -- how typically I operate.  I usually have those

21   conferences for later in the day so as not to interfere with

22   any calendar item I have set.  So that's available.

23          What I do require is that the parties to the

24   discovery dispute have met and conferred and are unable to

25   resolve the dispute, and only then do they reach out to the

1    Court for the Court's assistance and direction.

2            So hopefully that's responsive to your question.

3    But I just -- I mean, just generally, I -- you know, unless

4    I conclude that a party is off really on a fishing

5    expedition, I will generally permit the party to take, you

6    know, the discovery if they have a good-faith reason for

7    believing that the facts are relevant to the issue that they

8    expect to use in defense of the preliminary injunction.

9            Discovery in the case, we'll have a conference,

10   and I'll get -- enter a case management and scheduling order

11   for the case in general, and so this ought to be focused on

12   the issues relevant to the preliminary injunction, and we'll

13   -- you know, you'll work out -- well, the Court will set a

14   schedule for the remaining discovery.

15           MR.   HURLEY:   Thank you, Your Honor.  So I guess

16   perhaps even more important than discovery itself is the

17   timing, which was not really an issue I considered until Mr.

18   Roche raised the possibility of third-party discovery.

19           So the way we've set the schedule now, he's going

20   to put some declarations in, or one declaration maybe two,

21   on the 28th.  We have our reply on the 5th.  And so I guess

22   the concern I have is that he's going to be gathering

23   evidence that apparently he may want to use in connection

24   with a motion that we're not going to have seen or

25   understood his view of the significance of until after we've

1   had a reply in.

2            THE COURT:  Well, all I can say is, you know,

3   November 8th -- November -- excuse me -- 28th was the

4   deadline for him to submit the opposition.  And, you know,

5   he better do that, and he better -- if -- so you better have

6   a very good reason why you're, you know, holding back on

7   something you want to put in an opposition to the

8   preliminary injunction.  That's when your opposition is due.

9            And yes I've set -- you know, the deposition

10  schedule I've given you, deadlines, is -- I'm assuming one

11  or both of you are going to want to take depositions of the

12  declarants.

13            But Mr. Roche, what discovery is it that you want?

14            MR. ROCHE:  Yeah.  So again, this is part -- the

15  central issue of this case is -- there's I think two very

16  important issues.  One, what do the relevant contracts say

17  concerning the profit share?  And two, were certain

18  transactions that Celsius has put at issue in this motion

19  authorized?  And so third parties, if there's individuals

20  who we're aware of who have information relevant to the core

21  question of whether or not the transactions that Celsius is

22  now complaining about were authorized, then that would be --

23            THE COURT:  Tell me -- no, tell me right now who

24  those -- look.  You're --

25            MR. ROCHE:  Oh, yes.  Connor --

1              THE COURT:  No, stop.  Stop.

2              MR. ROCHE:  Sorry.

3              THE COURT:  Your opposition is due in five days.

4    Okay?  And tell me who those people are.  If you don't know,

5    you're not going on a fishing expedition to find out.

6              MR. ROCHE:  Connor Nolan is the individual we

7    identified in our -- as I understand it, he's still an

8    employee of Celsius.  We hadn't considered -- prior to this

9    hearing this morning had not considered -- we were not

10   planning on putting in a declaration from him because we

11   haven't taken his discovery, or we haven't taken any

12   depositions.  And --

13             THE COURT:  Anybody else other than Mr. Nolan?

14             MR. ROCHE:  Nobody else.

15             THE COURT:  All right.  Where does -- Mr. Hurley,

16   do you know where Mr. Nolan resides?

17             MR.  HURLEY:  He's local.  He's in the U.S.  I

18   think he lives in New Jersey.

19             THE COURT:  Okay.  Do you want to take his

20   deposition, Mr. Roche?  Now's the time to tell me.

21             MR. ROCHE:  Yeah, I do, Your Honor.  The only

22   caveat I would say is because we haven't received any

23   documents yet in this case, I prefer -- I would like to

24   reserve the ability to take his deposition once we have

25   documents as well.  If I'm --

1          THE COURT:  No, no, no, no.  No, no, no, no, no.

2    Your opposition to the preliminary injunction is due in five

3    days.  Okay.

4          MR. ROCHE:  Understood.

5          THE COURT:  Do you want to take his deposition or

6    not?

7          MR. ROCHE:  Yes, Your Honor.

8          THE COURT:  You can serve -- you can serve a

9    subpoena with a request for documents and, you know, if you

10   can't resolve -- and hopefully you can get any issues

11   resolved about scope of your document request and all of

12   that.  I require the parties to meet -- you know, try and

13   work that all out, but tell me now.  Do you want Mr. Nolan's

14   deposition, yes or no?

15         MR. ROCHE:  Yes, as long as Mr. Hurley will agree

16   to work out the -- a time sometime before the 22nd, we can

17   work out a time to take that deposition.  The 22nd of

18   December, which I believe was the deadline you set for

19   depositions.

20         THE COURT:  Well, we're going to -- I want that

21   deposition -- if the deposition is going to take place, it's

22   going to take place well before December 22nd.

23         MR. ROCHE:  Okay.

24         THE COURT:  The two of you -- let me put it this

25   way, Mr. Hurley.  The sooner you can make Mr. Nolan

1    available for the deposition, the better it will be for all

2    of you.  Okay?

3              MR.  HURLEY:  Understood, Your Honor.

4              THE COURT:  And I'm going to limit the deposition

5    to four hours.

6              MR. ROCHE:  Understood.

7              THE COURT:  And what documents is it that you

8    want, Mr. Roche, with respect to Mr. Nolan's deposition?

9              MR. ROCHE:  Any documents relevant to transfers

10   out of 0xb1, the -- or any documents relating to the

11   deployment of tokens by KeyFi -- Celsius, KeyFi, and Mr.

12   Stone.

13             THE COURT:  Well, what I'm going to do is the two

14   of you need to meet and confer and try and agree on the

15   scope of document production in connection with Mr. Nolan's

16   deposition because, Mr. Roche, the sooner the deposition

17   happens, the better because it takes time to get the

18   transcript, and you're going to have to do designations and

19   counter-designations.

20             Let me ask, Mr. Hurley, is Mr. Nolan -- well, you

21   can -- if he's -- is he currently an employee of Celsius?

22             MR.  HURLEY:  I have to confirm, Your Honor.  I

23   know he was an employee of Celsius several months ago, but I

24   actually don't know the answer to that question sitting here

25   today.

1            THE COURT:  Okay.  Well, if he is within the

2     subpoena range of the Court, Mr. Roche, he can testify.  And

3     you want him to testify.  You're going to have to use -- you

4     can subpoena him for trial subpoena to testify at the

5     hearing.  And you can use a deposition, you know, as a

6     deposition can be used under the rules.  But you know, it

7     may be that Mr. Hurley -- excuse me -- that Mr. Nolan is

8     going to be a live witness at the hearing.  So the two of

9     you need to confer.

10            Just to be clear in addition to -- you indicated,

11     Mr. Roche, that you intended to have Mr. Stone's declaration

12     in opposition, and you've indicated that the one deposition

13     that you wish to take because you may want to call him as a

14     witness at the hearing is Mr. Nolan, so I'm going to permit

15     you that one deposition not to exceed four hours.  And you

16     and Mr. Hurley need to work out the schedule for that as

17     promptly as possible, including what documents you wish to

18     have produced in connection with that deposition.

19            Anything else for the Court to deal with today?

20            MR.  HURLEY:  Only regarding documents, Your

21     Honor.  I -- my hope is that Mr. Roche and I can just work

22     this out and won't have to bother you with it.  We've I

23     think had some success on that front in the past.

24            But I guess the scope of pre-preliminary

25     injunction disclosures is getting a little broader than I

Page 32

1    had anticipated.  It's certainly possible we're going to ask

2    him to give us some documents as well.  We'll try and work

3    it out, but I just wanted to give some fair warning to the

4    Court, under the circumstances, we may be seeking some

5    discovery.

6              THE COURT:  All right.  I will be unavailable for

7    any discovery-related conferences until on or after December

8    2, so that's pretty soon.

9              MR.  HURLEY:  As I said, we'll do our best to not

10   have to bother you.

11             THE COURT:  Okay.  Anything else for today?

12             MR.  HURLEY:  Not from me, Your Honor.

13             MR. ROCHE:  Not for Defendants.

14             THE COURT:  All right.  We are adjourned.

15             MR.  HURLEY:  Thank you.

16

17             (Whereupon these proceedings were concluded at

18   10:41 AM)

19

20

21

22

23

24

25

Page 33

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7        *Sonya M. Ledanski Hyde*

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:   December 17, 2022

[& - available]                                                                    Page 1

**&**

& 6:20

**0**

0xb1 30:10

**1**

100 15:9
10004 1:21
10011 4:6
10014 4:13
10016 4:20
1006 4:12
10:00 1:24 6:3
10:41 32:18
11 15:8
111 4:5
11501 33:23
11th 15:19,20,23
12151 33:7
12th 15:19,20,21
17 33:25
19th 4:5

**2**

2 32:8
20 3:4
2001 5:3
201 4:12
202-934-4040
  8:7
2022 1:23 6:3
  33:25
2023 16:7
22 23:19,25
22-01139 1:4 3:1
22-10964 1:3
22-1139 6:4
22nd 29:16,17
  29:22

23 1:23
23rd 6:3
260 4:19
28th 13:11
  17:19 20:5
  26:21 27:3

**3**

30 3:4
300 33:22
312-862-3555
  6:22,24,25 7:2
330 33:21
360 4:4

**4**

4th 16:7 17:2
  20:11

**5**

5 9:9,17 16:7
  17:19 23:12
50 15:9
5:00 17:19 20:11
  23:19
5th 9:10 26:21

**6**

600 5:3

**7**

700 15:10
75201 5:4

**8**

8th 4:19 27:3

**a**

a.m. 6:3
ability 20:6
  28:24
able 8:14,22
  22:21 25:19

absence 21:13
absolute 23:24
absolutely 18:22
  19:5,14 20:10
abundance 14:4
access 8:22
  15:10
accurate 33:4
action 10:1
  11:12
add 24:17
addition 31:10
adjourned
  32:14
admission 22:21
adv 1:4
advance 10:24
  11:5 13:8 18:14
adversary 3:1
  9:7 15:7,13,14
ago 30:23
agree 29:15
  30:14
agreement 21:9
  21:13 22:6,7
ahead 9:21
  17:11 19:24
  20:1
akin 6:8,20 9:23
al 1:12,15 3:2,2
  6:4,4
allow 16:23 18:7
allows 10:8
amount 10:14
  16:16
analysis 11:19
answer 14:3
  30:24
anticipate 8:17
  9:14 11:7,10

18:5
anticipated
  10:13,18 32:1
anybody 7:21
  28:13
apologies 7:16
apologize 8:21
  16:13
apparently
  26:23
appear 20:19,21
  23:3
appearance 6:6
  6:18 7:14
appearances
  20:15
appears 21:15
appropriate
  11:21 24:19
archer 4:8
arguing 10:19
argument 15:22
arguments
  15:12,17 18:12
arrange 25:14
assets 11:20
assistance 25:13
  26:1
assuming 17:13
  27:10
attachment
  11:20
attention 24:24
attorneys 4:4,11
  4:18 5:2
authorized
  27:19,22
available 10:11
  14:23 25:22
  30:1

avenue   4:19,19
  5:3
aware   27:20

**b**

b   2:1 5:10
bachyrita   5:9
back   27:6
baker   5:1
bankruptcy   1:1
  1:19 2:3 11:13
behalf   6:20 7:17
  8:10 9:23 11:10
believe   11:22
  13:11 17:25
  21:4 23:12,14
  25:2 29:18
believes   25:5
believing   26:7
best   32:9
better   24:14
  27:5,5,5 30:1,17
beyond   24:24
bilter   5:10
block   15:23
blockchain   10:9
bother   31:22
  32:10
botts   5:1
bowling   1:20
box   22:4
brian   4:15 8:23
brianna   5:10
brief   17:20
briefing   17:21
briefs   17:13,14
  25:17
bringing   24:23
broader   31:25

**c**

c   4:1 6:1 33:1,1
calendar   24:7
  25:22
calendared
  15:24
call   9:20 18:23
  31:13
calling   6:3
calls   18:20
carl   5:16
case   1:3,4 3:3
  6:4 9:20 11:1,15
  12:15,15 15:5,8
  16:11,24 22:16
  22:19 24:4 26:9
  26:10,11 27:15
  28:23
caution   14:4
caveat   28:22
celsius   1:8,12
  3:1 6:3 9:7,10
  10:6 11:18 15:5
  15:6,8 17:14
  20:6 22:24
  27:18,21 28:8
  30:11,21,23
central   27:15
certain   11:20
  27:17
certainly   10:25
  17:8 18:10 32:1
certified   33:3
chamber's   16:5
  24:25
change   17:9
chapman   6:5,7
  6:7,11 21:1,4,6
chapter   15:8

chief   9:20 16:11
circumstances
  32:4
claims   11:18
clear   14:17
  16:22 25:1
  31:10
clerk   6:2,9,14,17
  6:21 7:6,9,11,13
  7:18,24 8:2,4,7
  8:12,16,20,22
  9:1,3
closing   18:12
closings   18:5
coaching   21:20
colleague   6:11
colleagues   13:3
  24:11
committed   11:9
communicates
  21:22
compel   25:12
complaining
  27:22
complete   15:16
  16:6 19:6,9,22
completed   14:22
  16:6 19:5 23:19
  23:23
conceivable
  13:25
concern   26:22
concerning
  11:14 27:17
conclude   26:4
concluded   32:17
conducting   15:2
confer   14:13
  21:8 23:25
  30:14 31:9

conference   3:3
  9:6 16:3,4 17:1
  18:19 19:6,7,15
  23:8,10 26:9
conferences
  25:21 32:7
conferred   25:24
confirm   30:22
connection   15:3
  26:23 30:15
  31:18
connor   27:25
  28:6
consider   20:6
considerable
  16:16,21
considered   14:9
  26:17 28:8,9
considering
  22:17
consumed   23:23
contacts   25:13
contracts   11:14
  27:16
control   23:2,5
copies   17:3
  21:24,25
core   27:20
cornell   7:24 8:9
  8:9,10,14,17,21
  8:25 9:2
correctly   7:7
could've   24:5
counsel   9:13
counter   30:19
counterclaims
  11:17
countless   15:7
country   33:21

**couple** 10:5
  20:17 22:24
**course** 10:10,16
  10:25 21:11
**court** 1:1,19
  7:21 8:1,3 9:4
  10:21 11:6,14
  12:2,4,10,13,17
  13:15,17,22
  14:2,6,15,16
  17:2 18:1,3,7,17
  19:21,24 20:1,3
  20:8,12,16,23
  21:7 22:9,11,25
  23:2,5,21 24:16
  25:1,13 26:1,13
  27:2,23 28:1,3
  28:13,15,19
  29:1,5,8,20,24
  30:4,7,13 31:1,2
  31:19 32:4,6,11
  32:14
**court's** 12:17
  16:4 19:4 22:1
  26:1
**courtroom** 15:2
  21:11,14 25:13
**cross** 10:11,12
  10:16 14:19,23
  18:17,20 23:9
**currently** 30:21

  **d**

**d** 6:1
**dallas** 5:4
**daniel** 5:15
**date** 17:2 33:25
**day** 9:11 15:17
  25:15,15,21

**days** 28:3 29:3
**deadline** 14:20
  17:2,5 20:11
  23:24 27:4
  29:18
**deadlines** 27:10
**deal** 9:7 12:22
  15:25 24:12
  31:19
**dean** 6:7 20:24
**deanna** 7:4
**debtor** 1:10
**debtor's** 10:2
**debtors** 6:8,20
  9:24
**december** 9:9,10
  9:17 17:19
  23:12,19,25
  24:6,7,7 29:18
  29:22 32:7
  33:25
**decide** 14:14,17
  14:22 25:8,19
**deciding** 25:9
**declarant** 18:16
**declarants** 14:7
  14:19,22 27:12
**declaration**
  12:20,20 13:13
  13:24 14:1,12
  19:1 20:5 26:20
  28:10 31:11
**declarations**
  10:5,15 17:6
  18:15 26:20
**defendants** 1:16
  7:17 9:9 17:16
  32:13
**defense** 26:8

**defenses** 25:5
**delay** 8:21
**department**
  4:10
**depending**
  15:22
**deployment**
  30:11
**deposition** 13:8
  13:23 14:5
  18:18 22:21,25
  23:6,7 27:9
  28:20,24 29:5
  29:14,17,21,21
  30:1,4,8,16,16
  31:5,6,12,15,18
**depositions**
  10:22 11:1,3,4
  14:7,14,18,21
  17:12 19:2,3
  22:19,22 23:16
  23:18 24:1,13
  25:7,8 27:11
  28:12 29:19
**deputy** 25:14
**designating**
  18:19
**designations**
  18:20,20 23:9,9
  30:18,19
**development**
  25:6
**direct** 12:19,21
  13:1,6,19 18:14
**direction** 26:1
**disagreement**
  24:19,22
**disclosures**
  31:25

**defenses** 25:5
**discovery** 9:19
  9:25 10:1,3 11:1
  23:23 24:20
  25:9,11,24 26:6
  26:9,14,16,18
  27:13 28:11
  32:5,7
**discussed** 10:1
**discussion** 12:11
**dismiss** 9:8,11
  11:15 23:12
**dispute** 16:10
  24:24 25:10,19
  25:24,25
**disputes** 25:11
**distance** 20:18
  20:23
**distances** 20:21
**district** 1:2
**doc** 3:4
**docket** 9:10
**document** 19:17
  22:3 29:11
  30:15
**documents**
  19:12 28:23,25
  29:9 30:7,9,10
  31:17,20 32:2
**due** 13:11 17:18
  27:8 28:3 29:2

  **e**

**e** 2:1,1 4:1,1 6:1
  6:1 8:22,23 33:1
**ecro** 2:5
**effect** 11:19
**either** 10:22
  16:12,23 17:3,6
  17:11 18:13,18
  24:1,3

elicit   23:15
employee   28:8
    30:21,23
encompass
    17:20
engaged   9:25
enter   26:10
entered   23:1
entirely   21:12
equities   5:2
estates   20:20
et   1:12,15 3:2,2
    6:4,4
eth   12:11
etherscan   10:7
events   12:14
everybody   9:5
evidence   10:7
    10:14,19 11:7
    12:19 15:16
    19:9 23:1 26:23
evidentiary   9:16
    14:19 18:6
    23:13
examination
    10:11 14:23
    18:17
examine   14:19
exceed   31:15
excuse   27:3 31:7
exhibit   16:11
    17:4
exhibits   16:23
    16:24 17:3
    21:24,25 22:1
expect   9:20 11:1
    26:8
expected   16:5
expedition   26:5
    28:5

expense   20:19
expert   11:23
    12:6,9,12,24
    13:1,1 18:24,25
    20:5,7
expert's   12:25
explain   12:13
extent   20:4
extremely   24:7

**f**

f   2:1 33:1
fact   25:2
facts   16:9 22:15
    24:21 25:6 26:7
fails   22:16
fair   32:3
faith   25:4 26:6
far   17:23
fashioned   14:18
feld   6:20
file   17:20
filed   9:8,12
    11:12 16:7 17:6
    17:14,16
find   28:5
firm   20:10
first   5:2 17:22
    22:5 23:22 25:2
fishing   26:4
    28:5
five   28:3 29:2
focused   26:11
follow   24:23
foregoing   33:3
form   13:2
forward   24:5,6
    24:9
four   30:5 31:15

front   31:23
full   7:6
fully   11:9 16:6
    18:9 21:17

**g**

g   6:1
gathering   26:22
general   26:11
generally   19:15
    26:3,5
getting   8:19
    31:25
give   6:5,18 7:6
    7:14 17:16,19
    18:3 32:2,3
given   27:10
glenn   2:2 9:5
go   9:21 19:24
    20:1 24:9
going   6:9 8:12
    8:23,25 9:15
    11:2 12:25 13:1
    13:12,15,17,18
    13:20 14:21
    15:17,22 16:2,6
    16:16,19 17:2
    18:24,25 19:2
    19:19 20:8
    23:18 24:2 25:7
    25:8 26:19,22
    26:24 27:11
    28:5 29:20,21
    29:22 30:4,13
    30:18 31:3,8,14
    32:1
good   6:7,17,19
    7:4,4 9:4,22
    25:4 26:6 27:6

gorrepati   5:11
great   7:9 20:18
    20:21,23
green   1:20
ground   21:16
guess   11:25 14:2
    18:7,22 26:15
    26:21 31:24
gump   6:8,20
    9:23

**h**

hand   15:6
hang   16:13
happen   15:25
    21:16
happens   30:17
hard   15:15
harrison   5:12
hauer   6:20
hear   7:5,15 9:11
    9:16
heard   23:12
hearing   3:1 9:6
    9:9,15,17 10:11
    10:14,18,25
    11:5,8 13:9
    14:10,19,24,25
    15:2,18,21 16:2
    17:21,24 18:6
    19:8 22:14,17
    23:1,3,13,16
    25:15 28:9 31:5
    31:8,14
hearings   15:9
heavy   24:7
helpful   12:9
hi   8:10
holding   5:2 27:6

**holidays** 23:21
24:3
**hon** 2:2
**honor** 9:22
10:25 11:25
13:10 14:9
17:25 18:2,4
19:23 22:10,13
24:18 26:15
28:21 29:7 30:3
30:22 31:21
32:12
**honor's** 24:24
**hope** 15:16
31:21
**hopefully** 15:20
16:9 26:2 29:10
**hours** 30:5
31:15
**hurley** 6:11,12
6:19,19 9:18,21
9:22,23 10:24
11:25 12:3,4
13:2,5,10,16,21
13:24 14:13
17:18,22,25
18:4 19:23,24
19:25 20:2,4,13
20:17,24 21:2,5
21:7 22:10
24:11,16,18
26:15 28:15,17
29:15,25 30:3
30:20,22 31:7
31:16,20 32:9
32:12,15
**hybrid** 14:25
15:3
**hyde** 3:25 33:3,8

**i**

**identified** 12:25
16:25 28:7
**identify** 6:23 7:1
7:3 8:8 16:10,17
17:10
**impeachment**
16:23 19:12,13
19:17,19
**important** 18:11
19:21 24:9,10
26:16 27:16
**include** 14:12
16:9
**included** 10:4
**including** 11:2
31:17
**indicated** 31:10
31:12
**indiscernible**
10:20
**individual** 24:25
28:6
**individuals**
22:23,24 27:19
**inevitably** 25:18
**information**
27:20
**initiation** 11:13
**injection** 15:18
**injunction** 3:4
9:12,14,21 10:2
10:4,25 11:5,8
11:19 12:14,18
12:24 13:9,20
14:8,24 15:13
16:1,12,18,25
17:8,15,21
22:16 23:14,16
24:9,20 25:3,6,9

26:8,12 27:8
29:2 31:25
**instance** 22:5
**intend** 12:23
16:11
**intended** 31:11
**intends** 13:6
**interest** 15:8,11
**interfere** 25:21
**interruption**
16:14
**introduce** 23:15
**involve** 22:15
**israel** 21:4,5
22:8
**israeli** 21:3
**issue** 11:11,15
12:11,14,15
26:7,17 27:15
27:18
**issues** 9:8 12:13
16:17 22:15,18
23:21 25:2,17
26:12 27:16
29:10
**item** 25:22

**j**

**january** 15:19
15:19,20 16:7
17:1 20:11
23:22 24:8
**jason** 4:18 7:17
**jersey** 28:18
**joining** 7:22
8:12,24
**joins** 7:20
**joint** 16:2 18:5
**jonathan** 2:5

**judge** 2:3 7:19
9:3,5
**judges** 21:18,19
**justice** 4:10

**k**

**keyfi** 4:18 7:17
9:7 10:23 11:11
11:17,17 15:6
30:11,11
**kind** 10:7,17
24:22
**kirkland** 7:5
**know** 7:21 14:4
14:15 15:9,15
17:9 18:14,24
20:17 21:18
22:7 23:11,16
23:17,20 24:5,8
26:3,6,13 27:2,4
27:6,9 28:4,16
29:9,12 30:23
30:24 31:5,6
**kyle** 4:17,22
7:13,16

**l**

**l** 7:8,8
**law** 4:4
**law360** 4:3
**lawyer** 21:17
**lawyers** 15:1
**lead** 9:19
**leave** 16:19
**ledanski** 3:25
33:3,8
**legal** 11:19
22:15 33:20
**legge** 5:13
**letter** 25:17

[light - p.m.]                                                                          Page 6

| | | | |
|---|---|---|---|
| **light** 13:5 23:17 | **mean** 14:20 16:8 | 15:21 | **offered** 19:9 |
| **likelihood** 9:15 | 26:3 | **need** 6:13 14:1,3 | **offering** 10:15 |
| 25:7 | **meet** 14:13 | 14:22 16:10 | 11:7 23:7 |
| **limit** 30:4 | 29:12 30:14 | 17:10 19:2 | **office** 8:9,10 |
| **limited** 1:12 3:2 | **memorializing** | 21:25 22:5 | **oh** 27:25 |
| 6:4 18:21 | 23:7 | 23:25 30:14 | **okay** 6:9,14,21 |
| **line** 18:25 | **merits** 22:18 | 31:9,16 | 6:25 7:6,9,18,23 |
| **list** 17:4 19:6 | **met** 25:24 | **needing** 8:17 | 7:24 8:1,2,12,16 |
| **listed** 17:4 19:14 | **mg** 1:3,4 3:1 | 25:13 | 8:20 9:1 12:5 |
| 19:18 | **mike** 5:13 | **needs** 21:24 | 14:16 18:1 |
| **listen** 25:18 | **mineola** 33:23 | **network** 1:8,12 | 22:11 28:4,19 |
| **listening** 8:18 | **mini** 22:17 | 3:1 6:3 | 29:3,23 30:2 |
| **little** 31:25 | **minutes** 7:22 | **new** 1:2,21 4:6 | 31:1 32:11 |
| **live** 20:19 31:8 | **mitch** 6:11,17 | 4:13,20 11:13 | **old** 14:18 33:21 |
| **lives** 28:18 | 6:19 9:23 | 12:15 28:18 | **once** 28:24 |
| **llc** 1:8 5:2 | **moment** 17:16 | **noah** 5:6 | **onscreen** 21:17 |
| **local** 21:3 28:17 | **monday** 14:13 | **nolan** 28:6,13,16 | **opening** 18:5,11 |
| **located** 20:25 | **month** 22:20 | 29:25 30:20 | 18:13 |
| **long** 9:10 29:15 | **months** 30:23 | 31:7,14 | **openings** 18:8 |
| **look** 16:8,15 | **morgan** 7:5,6 | **nolan's** 29:13 | **operate** 25:20 |
| 17:17 27:24 | **morning** 6:7,17 | 30:8,15 | **opposition** |
| **lot** 10:18 | 6:19 7:4,4 9:5 | **notes** 14:16 | 12:24 13:7,11 |
| **ls** 7:9 | 9:22 28:9 | **notice** 23:16 | 13:18,19,20 |
| | **motion** 3:3 9:8 | **november** 1:23 | 14:11 16:12,19 |
| **m** | 9:11,12 10:2,5 | 6:3 17:18 27:3,3 | 17:7,15,18 |
| | 11:15 16:19 | **now's** 28:20 | 19:10 27:4,7,8 |
| **m** 5:6 | 23:11 24:20 | **number** 6:4,23 | 28:3 29:2 31:12 |
| **madison** 4:19 | 25:9 26:24 | 6:24 7:1,2 8:7 | **order** 16:3 17:1 |
| **mail** 8:23 | 27:18 | 15:22 17:10 | 18:5,19 19:6,7 |
| **mailed** 8:23 | **motions** 25:12 | 18:21 22:15 | 19:15,18 23:8 |
| **making** 14:16 | **moved** 9:16 | **ny** 1:21 4:6,13 | 23:10 26:10 |
| 18:13 | | 4:20 33:23 | **orders** 16:4 |
| **management** | **n** | | **ought** 26:11 |
| 3:3 26:10 | | **o** | |
| **martin** 2:2 | **n** 4:1 5:16 6:1 | | **p** |
| **masumoto** 4:15 | 33:1 | **o** 2:1 6:1 33:1 | |
| 8:23 | **name** 7:6 | **objections** 23:9 | **p** 4:1,1 6:1 |
| **material** 10:7,14 | **narrow** 24:21 | **obviously** 15:5 | **p.a.** 4:17 |
| **matter** 1:6 | 25:3 | 16:18 20:19 | **p.m.** 16:7 17:19 |
| **matthew** 5:14 | **necessary** 10:4 | **offer** 13:12,18 | 20:11 23:19 |
| | 11:4 14:14 | 16:11 | |

**papers** 13:11
    14:11 18:8 24:4
**part** 10:6 11:20
    12:12 21:6
    22:17 27:14
**parties** 9:25
    15:1,4,6,8,11,11
    15:12 16:2
    25:23 27:19
    29:12
**party** 6:22,24,25
    7:2 8:7 16:23
    22:19 25:12
    26:4,5,18
**pause** 6:15 7:11
    8:5
**pending** 11:16
**people** 19:16
    28:4
**permit** 15:11
    16:22 18:10
    21:23 22:4,25
    25:7,12 26:5
    31:14
**person** 6:10
    20:14
**perspective** 10:3
**peter** 5:9
**pi** 13:7
**place** 29:21,22
**plaintiff** 9:12
**plaintiffs** 1:13
**plan** 13:13
**planning** 28:10
**plans** 17:9
**please** 6:6,18,23
    7:1,3,11,14 8:5
**plenary** 9:25
**plus** 21:12

**point** 25:4
**pointed** 12:1
**portugal** 21:1,5
    22:8
**possibility** 26:18
**possible** 14:1
    20:20 31:17
    32:1
**potentially** 12:9
**practice** 12:17
**pre** 18:19 19:6,7
    31:24
**prefer** 28:23
**preference**
    21:10
**prejudgment**
    11:20
**preliminary** 3:4
    9:12,14,21 10:2
    10:4,24 11:5,7
    12:14,18,24
    13:8,19 14:8,24
    15:13,18 16:1
    16:12,18,24
    17:7,15,21
    22:16 23:13,15
    24:8,20 25:3,5,9
    26:8,12 27:8
    29:2 31:24
**prepare** 16:2
**prepared** 18:9
**preparing** 24:4
**present** 5:8 15:2
    18:17 21:14
    22:9
**presented** 12:19
**presume** 13:12
**pretrial** 16:3,3
    17:1 19:15,18
    23:8,10

**pretty** 18:24,25
    32:8
**prevent** 18:12
**primary** 6:9,12
**principle** 14:25
**prior** 11:12
    14:10 22:13
    28:8
**privilege** 25:16
**probably** 8:18
    13:13 25:14
**problem** 8:22
    14:17 21:18,19
**procedures**
    24:23 25:12
**proceed** 22:20
**proceeding** 3:1
    15:7,13,14
**proceedings**
    11:13 32:17
    33:4
**produced** 31:18
**production**
    30:15
**profit** 27:17
**prompt** 25:14
**promptly** 12:25
    20:9 31:17
**property** 11:11
    11:14
**provide** 12:20
    13:14 20:5
**provided** 13:2
    13:20 17:3
**pto** 18:5
**public** 16:4
**purportedly**
    21:20
**purposes** 16:1
    17:24 19:17

23:6
**put** 14:11 18:8
    19:1,1 22:2
    26:20 27:7,18
    29:24
**puts** 13:25
**putting** 10:6
    20:6 28:10

**q**

**question** 9:13
    15:11 20:14
    22:20 26:2
    27:21 30:24
**questions** 20:2
    22:12
**quickly** 18:25
    25:19
**quite** 24:21

**r**

**r** 2:1 4:1 6:1
    33:1
**raised** 17:23,24
    26:18
**range** 21:21
    31:2
**ranged** 15:9
**reach** 21:8 22:6
    22:7 25:25
**read** 18:8,14
**realize** 23:20
**really** 26:4,17
**reason** 26:6 27:6
**rebuttal** 20:7
**received** 28:22
**recess** 6:16 7:12
    8:6
**recommend**
    24:23

**record** 6:18 7:14
9:23 33:4
**recording** 6:2
6:15 7:11 8:5
**regarding** 3:3
31:20
**related** 10:1
24:20 32:7
**relates** 20:14
23:13
**relating** 11:11
11:12 22:18
30:10
**relation** 10:23
**relevant** 11:14
11:18 23:15
26:7,12 27:16
27:20 30:9
**rely** 24:21
**remaining** 26:14
**remind** 20:24
**reply** 17:16,20
26:21 27:1
**report** 13:1
**request** 25:16
29:9,11
**require** 10:18
16:7,21 17:2
19:8,14 21:14
23:18 25:6,23
29:12
**requires** 16:16
23:9
**reserve** 14:2,5
28:24
**resides** 28:16
**resolve** 25:25
29:10
**resolved** 29:11

**respect** 9:14
25:11 30:8
**respond** 12:5
**responsive** 26:2
**richard** 4:8
**right** 6:2,15,22
6:24 7:1,11,13
8:4,5 10:21 11:6
12:8 13:16,21
14:3 15:23
16:15 21:2
27:23 28:15
32:6,14
**road** 33:21
**roche** 4:17,22
7:16,16 10:12
10:15 11:2,6,9
12:6,8 13:12,18
14:6,9 18:1,2,23
19:20 20:4,9
21:8,13 22:6,11
22:13 23:4
24:10,15 25:4
26:18 27:13,14
27:25 28:2,6,14
28:20,21 29:4,7
29:15,23 30:6,8
30:9,16 31:2,11
31:21 32:13
**roche's** 13:6
**ron** 20:24
**ross** 5:3
**rules** 16:5 21:16
24:25 31:6
**running** 8:15

s

**s** 4:1,15 6:1 7:8
**sabo** 20:25

**saying** 23:18
**schedule** 13:3
17:17 24:13
26:14,19 27:10
31:16
**scheduled** 24:2
**scheduling** 9:8
12:23 26:10
**schottenstein**
5:6
**scope** 24:19
29:11 30:15
31:24
**screen** 21:23
22:2
**second** 12:2
16:13 18:3
20:14
**see** 12:9 14:2
16:20 18:19
21:8 23:8
**seeking** 10:21
32:4
**seeks** 11:20
**seen** 13:24 26:24
**separately** 8:13
**series** 12:14
**serve** 29:8,8
**set** 8:19 9:6,9
13:3 14:20
15:18 16:18
21:16 25:22
26:13,19 27:9
29:18
**setting** 23:24
**shara** 7:24 8:9
8:10,12
**share** 22:2 27:17
**sharing** 21:23

**shiran** 21:2
**should've** 11:25
23:23
**side** 10:12,13
12:19 17:3
18:18
**signature** 33:7
**significance**
26:25
**silverman** 5:14
**single** 15:17
**sitting** 30:24
**small** 22:4
**software** 10:8
**solutions** 33:20
**sonya** 3:25 33:3
33:8
**soon** 32:8
**sooner** 23:25
24:12,13 29:25
30:16
**sorry** 7:14 19:25
28:2
**sounds** 18:21
24:18
**southern** 1:2
**speak** 8:17
**speaking** 6:10
**special** 24:22
**specific** 10:1,3
**specifically**
16:17
**spell** 7:7
**spends** 21:6
**staff** 23:21
**stage** 15:15
**staked** 12:11
**standpoint** 19:4
22:2

start  9:18
started  7:20 9:3
starting  6:2
statement  13:6
  18:13
statements
  18:11
states  1:1,19
  4:10 8:11
stipulations
  16:9
stone  1:15 3:2
  4:18 5:15 6:4
  7:17 9:7 10:22
  11:2,10,17,23
  12:12 13:7,13
  14:13 15:6
  30:12
stone's  12:21
  31:11
stop  12:4 28:1,1
straus  6:20
street  4:5,12
strong  21:10
subject  12:7
submit  27:4
submitting
  20:11
subpoena  29:9
  31:2,4,4
success  31:23
sufficiently
  17:11
suite  4:12 5:3
  33:22
support  14:7
  17:7,14
supported  14:7
suppose  10:16
  10:16 14:4

supreme  11:13
  12:16
sure  7:7 11:2
  20:3 21:3,21
  25:1

**t**

t  33:1,1
take  10:21 11:1
  11:3,4 13:8 14:5
  14:6,18,21
  17:11 22:21
  23:6 24:2,2,13
  25:8 26:5 27:11
  28:19,24 29:5
  29:17,21,22
  31:13
taken  24:3
  28:11,11
takes  30:17
taylor  5:12
telephone  20:22
telephonically
  5:8
tell  12:4 27:23
  27:23 28:4,20
  29:13
template  16:3,8
  16:15,20
testify  11:10
  12:24 22:3 31:2
  31:3,4
testifying  19:8
  21:15
testimony  12:9
  12:21 13:1,7,12
  13:18,19 18:6
  18:18 21:22
  22:7,21,25 23:7
  23:14

thank  6:14,21
  7:9,10,18 8:4
  9:1,2,4 13:10
  20:13 26:15
  32:15
thing  18:22 19:4
  19:11 20:10
  24:10
think  6:12 10:3
  11:23 12:11,13
  14:3,10 17:23
  18:11 22:13,19
  22:23,24 23:11
  24:3,10 27:15
  28:18 31:23
third  22:19
  26:18 27:19
thursday  15:19
  15:20
time  6:25 10:17
  10:19 11:22,24
  13:14 14:5,15
  17:11 21:6
  28:20 29:16,17
  30:17
timing  20:9
  26:17
today  8:18,25
  30:25 31:19
  32:11
tokens  30:11
topic  12:6
tracing  10:8
  12:10
transactions
  10:8 12:10
  27:18,21
transcribed
  3:25

transcript  23:8
  30:18 33:4
transfers  30:9
transparency
  19:9
travel  20:18,21
trial  12:18,18
  16:24,25 18:19
  19:6,7 22:18
  31:4
trials  21:12
tried  16:18
tries  22:2
true  33:4
trustee  4:11
  8:11
trustees  7:20
try  19:17 22:6
  29:12 30:14
  32:2
two  7:9,22 16:20
  19:1 20:2 21:11
  23:25 25:16
  26:20 27:15,17
  29:24 30:13
  31:8
tx  5:4
typically  25:20

**u**

u.s.  2:3 4:11
  7:20 28:17
uday  5:11
unable  25:24
unavailable
  32:6
understand  28:7
understanding
  22:14

[understood - zoom]                                                    Page 10

**understood**
  19:20 20:13
  22:10 23:4
  24:15 26:25
  29:4 30:3,6
**undertaking**
  9:19
**united**   1:1,19
  4:10 8:11
**unmute**   6:5,17
  7:2,13 8:8
**unsatisfactory**
  22:1
**use**   13:6 16:4,24
  19:17,19 26:8
  26:23 31:3,5
**ust**   7:22
**usually**   19:16
  25:20

**v**

**v**   1:14 3:2
**varick**   4:12
**veritext**   33:20
**versus**   6:4 9:7
**video**   8:13,14
**view**   11:4 13:22
  26:25

**w**

**w**   5:14 7:8
**wait**   7:19,22 8:3
**want**   7:20 10:12
  11:3 12:22,22
  13:3 21:20
  22:19 23:15,22
  23:22 24:3,16
  25:17 26:23
  27:7,11,13
  28:19 29:5,13
  29:20 30:8 31:3

  31:13
**wanted**   9:13
  32:3
**wants**   24:11
**warning**   32:3
**way**   14:18 18:9
  26:19 29:25
**we've**   26:19,25
  31:22
**website**   16:5
**wednesday**
  15:18,19
**wedoff**   5:16
**week**   17:19
  23:22
**west**   4:5
**william**   4:22
**willis**   7:4,8,8,10
**wish**   13:7 14:6
  17:12 23:6
  31:13,17
**witness**   19:7
  21:15,17,20,22
  21:23,24 22:3,3
  23:2,5 31:8,14
**witnesses**   9:20
  10:5,6,11 15:1
  15:12,22 17:10
  18:21 20:15,17
  20:20 21:10,14
  21:19
**work**   16:16,21
  19:2 20:9 24:12
  26:13 29:13,16
  29:17 31:16,21
  32:2
**working**   8:18
**would've**   24:6
**written**   13:2

**x**

**x**   1:5,11,17

**y**

**yeah**   7:24 21:1,5
  27:14 28:21
**years**   21:11,12
**yep**   6:7
**york**   1:2,21 4:6
  4:13,20 11:13
  12:15

**z**

**zoom**   15:3,8,10
  15:11 20:22
  21:12,15,19
  22:7 25:14