UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, et al.[1],<br><br>                      Debtor(s).<br><br>CELSIUS NETWORK LIMITED and CELSIUS KEYFI LLC,<br><br>                      Plaintiffs,<br>     v.<br><br>JASON STONE and KEYFI INC.,<br><br>                      Defendants. | Bankruptcy Case No. 22-10964-MG<br><br>Adversary Proceeding No. 22-01139-MG<br><br>(Jointly Administered) |

**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Jason Stone and KeyFi Inc., (collectively "Defendants"), by and through undersigned counsel, hereby answer the First Amended Complaint dated October 13, 2022, filed by Plaintiffs, state that they do not consent to entry of finals orders or judgments by the bankruptcy court pursuant to Bankruptcy Rule 7012 (b) and state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey (07030).

## NATURE OF THE ACTION

**RESPONSE TO PARAGRAPH 1:** Paragraph 1 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 1.

**RESPONSE TO PARAGRAPH 2:** Denied.

**RESPONSE TO PARAGRAPH 3:** Denied.

**RESPONSE TO PARAGRAPH 4:** Defendants lack knowledge and information sufficient to admit or deny allegations as to the general nature and functioning of Tornado Cash. Defendants deny all other allegations in Paragraph 4.

**RESPONSE TO PARAGRAPH 5:** Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 5.

## PARTIES

**RESPONSE TO PARAGRAPH 6:** Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 6 and therefore deny such allegations.

**RESPONSE TO PARAGRAPH 7:** Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 7 and therefore deny such allegations.

**RESPONSE TO PARAGRAPH 8:** Admitted.

**RESPONSE TO PARAGRAPH 9:** Admitted.

## JURISDICTION AND VENUE

**RESPONSE TO PARAGRAPH 10:** Paragraph 10 consists of legal conclusions to which no response is required.

**RESPONSE TO PARAGRAPH 11:** Paragraph 11 consists of legal conclusions to which no response is required.

**RESPONSE TO PARAGRAPH 12:** Defendants admit that they reside in New York State. All other allegations of Paragraph 12 consist of legal conclusions to which no response is required.

## BACKGROUND

**RESPONSE TO PARAGRAPH 13:** Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 13 and therefore deny such allegations.

**RESPONSE TO PARAGRAPH 14:** Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 14 and therefore deny such allegations.

**RESPONSE TO PARAGRAPH 15:** Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 15 and therefore deny such allegations.

**RESPONSE TO PARAGRAPH 16:** Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 16 and therefore deny such allegations.

**RESPONSE TO PARAGRAPH 17:** Defendants lack knowledge and information sufficient to admit or deny the allegations of the last sentence of Paragraph 17 and therefore deny such allegations. Otherwise, Defendants admit the allegations of Paragraph 17.

**RESPONSE TO PARAGRAPH 18:** Admitted.

**RESPONSE TO PARAGRAPH 19:** Defendants admit that Celsius from time to time funded coins into certain wallets accessible to Stone. The MOU, APA and Service Agreement speak for themselves and Defendants deny all allegations in Paragraph 19 that are inconsistent with those documents. Defendants deny that Stone agreed to hedge against any risk from price

movements in the coins he deployed, as Celsius represented to Defendants that it would hedge those risks instead.

**RESPONSE TO PARAGRAPH 20:** Admitted.

**RESPONSE TO PARAGRAPH 21:** As to the last sentence of Paragraph 21, the MOU, APA and Service Agreement speak for themselves and Defendants deny all allegations that are inconsistent with those documents. Defendants lack knowledge and information sufficient to admit or deny footnote 2 and therefore deny that allegation. Otherwise, Defendants admit all allegations of Paragraph 21.

**RESPONSE TO PARAGRAPH 22:** As to the first sentence, Defendants lack knowledge and information sufficient to admit or deny that allegation and therefore deny such allegation. Defendants admit that Alex Mashinsky was at various meetings with Celsius personnel and praised Defendants' profitable performance. Defendants otherwise deny the allegations of Paragraph 22.

**RESPONSE TO PARAGRAPH 23:** Defendants admit that they agreed to help build—with Celsius' cooperation—an application to help Celsius track various investments deployed in DeFi. Defendants deny the remaining allegations in paragraph 23.

**RESPONSE TO PARAGRAPH 24:** Defendants admit that there was an agreement to unwind positions and settle accounts based on the understanding the Plaintiffs would also cooperate in good faith in that process but that the process did not occur. To the extent that Paragraph 24 contains other allegations, Defendants deny all such allegations of Paragraph 24.

**RESPONSE TO PARAGRAPH 25:** Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 25 and therefore deny such allegations.

**RESPONSE TO PARAGRAPH 26:** Defendants admit that there was an agreement to unwind positions and settle the parties' relative accounts based on the understanding the Plaintiffs would also cooperate in good faith in that process but that the process did not occur. To the extent that Paragraph 26 quotes emails verbatim, those emails speak for themselves. Defendants otherwise deny all allegations of Paragraph 26.

**RESPONSE TO PARAGRAPH 27:** Defendants admit that there was an agreement to unwind positions and settle the parties' accounts based on the understanding the Plaintiffs would also cooperate in good faith in that process but that the process did not occur. To the extent that Paragraph 27 quotes emails verbatim, those emails speak for themselves. Defendants otherwise deny all allegations of Paragraph 27.

**RESPONSE TO PARAGRAPH 28:** Defendants admit that Defendants provided most of the coins to Celsius. To the extent that Paragraph 28 contains other allegations, Defendants lack knowledge and information sufficient to admit or deny the allegations of Paragraph 28 and therefore deny such allegations.

**RESPONSE TO PARAGRAPH 29:** Denied.

**RESPONSE TO PARAGRAPH 30:** To the extent that Paragraph 30 quotes emails verbatim, those emails speak for themselves. Defendants otherwise deny all such allegations or lack knowledge and information sufficient to admit or deny the allegations of Paragraph 30 and, on that basis, deny such allegations.

**RESPONSE TO PARAGRAPH 31:** Defendants deny all allegations, including that they had any responsibility to hedge, or lack knowledge and information sufficient to admit or deny the allegations and on that basis deny such allegations, of Paragraph 31.

**RESPONSE TO PARAGRAPH 32:** Defendants deny all allegations or lack knowledge and information sufficient to admit or deny the allegations and, on that basis, deny such allegations, of Paragraph 32.

**RESPONSE TO PARAGRAPH 33:** Defendants admit that assets from the 0xb1 wallet were used to purchase Cryptopunks and Bullrun Babes but deny that these assets were Celsius assets, instead they were authorized as advances on the KeyFi profit share, which at that point was many months delayed. Defendants otherwise lack knowledge and information sufficient to admit or deny the allegations and, on that basis, deny the remaining allegations in Paragraph 33.

**RESPONSE TO PARAGRAPH 34:** Defendants admit that Stone communicated his intention to start his own investment company. Defendants otherwise deny the allegations of Paragraph 34.

**RESPONSE TO PARAGRAPH 35:** Defendants admit that crypto punk 8472, purchased as part of Defendants profit share was sold for the approximate amounts listed. Defendants otherwise lack knowledge and information sufficient to admit or deny the allegations and, on that basis, deny such allegations of Paragraph 35.

**RESPONSE TO PARAGRAPH 36:** Defendants admit that they invested in Nifty's pre-seed round with their profit share. Defendants otherwise lack knowledge and information sufficient to admit or deny the allegations and, on that basis, deny such allegations of Paragraph 36.

**RESPONSE TO PARAGRAPH 37:** Defendants admit that Stone used Tornado Cash only while that platform was legal to use. Defendants otherwise lack knowledge and information sufficient to admit or deny the allegations, and on that basis deny the allegations, of Paragraph 37.

**RESPONSE TO PARAGRAPH 38:** Defendants admit that they transferred property using Tornado Cash when it was legal to do so and did so with their property. Defendants otherwise lack knowledge and information sufficient to admit or deny the allegations and, on that basis, deny such allegations of Paragraph 38.

**RESPONSE TO PARAGRAPH 39:** Defendants admit that an airdrop of 1.4 million DAI was made into the 0xb1 wallet. Otherwise, the allegations of paragraph 39 are denied.

**RESPONSE TO PARAGRAPH 40:** Defendants admit that they accessed the DAI, which were further profits of their investments and for which they had received no formal profit calculation. Defendants admit that they transferred the ETH purchased with this DAI using Tornado Cash while using Tornado Cash was still legal to use. Otherwise, the allegations of paragraph 40 are denied.

**RESPONSE TO PARAGRAPH 41:** Defendants admit that Stone delivered to Celsius a draft complaint and that, as set forth in that draft complaint, Celsius owes profits to Stone. Defendants admit that Celsius agreed to hedge, and that if Celsius done so, Celsius KeyFi would have generated greater profits and avoided impermanent loss. To the extent that Paragraph 41 contains other allegations, Defendants deny all such allegations of Paragraph 41.

**RESPONSE TO PARAGRAPH 42:**

Defendants admit that Stone did not immediately file the complaint and that both parties sought to enter into a tolling and standstill agreement and to engage in mediation, in an effort to reach a settlement, that the tolling agreement was renewed, and that the parties did not reach agreement. To the extent that Paragraph 42 contains other allegations, Defendants deny, or lack knowledge and information sufficient to admit or deny the allegations, and on that basis deny, the allegations.

**RESPONSE TO PARAGRAPH 43:** Defendants admit that Stone caused KeyFi to file the complaint and posted related content on Twitter. Defendants otherwise deny the allegations contained in Paragraph 43.

### FIRST CAUSE OF ACTION
### (Turnover Against Both Defendants)

**RESPONSE TO PARAGRAPH 44:** Defendants incorporate by reference their responses to Paragraph 1 to 43 above as though fully set forth herein.

**RESPONSE TO PARAGRAPH 45:** Paragraph 45 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 45.

**RESPONSE TO PARAGRAPH 46:** Paragraph 46 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 46.

**RESPONSE TO PARAGRAPH 47:** Paragraph 47 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 47.

**RESPONSE TO PARAGRAPH 48:** Paragraph 48 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 48.

**RESPONSE TO PARAGRAPH 49:** Paragraph 49 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 49.

### SECOND CAUSE OF ACTION
### (Conversion Against Both Defendants)

**RESPONSE TO PARAGRAPH 50:** Defendants incorporate by reference their responses to Paragraph 1 to 49 above as though fully set forth herein.

**RESPONSE TO PARAGRAPH 51:** Paragraph 51 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 51.

**RESPONSE TO PARAGRAPH 52:** Paragraph 52 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 52.

**RESPONSE TO PARAGRAPH 53:** To the extent such April 10, 2021, email exists, it speaks for itself. Otherwise, paragraph 53 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 53.

**RESPONSE TO PARAGRAPH 54:** To the extent such April 10, 2021, email exists, it speaks for itself. Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 54.

**RESPONSE TO PARAGRAPH 55:** Denied.

**RESPONSE TO PARAGRAPH 56:** Paragraph 56 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 56.

**THIRD CAUSE OF ACTION**
**(Fraudulent Misrepresentation Against Both Defendants)**

**RESPONSE TO PARAGRAPH 57:** Defendants incorporate by reference their responses to Paragraph 1 to 56 above as though fully set forth herein.

**RESPONSE TO PARAGRAPH 58:** Paragraph 58 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 58.

**RESPONSE TO PARAGRAPH 59:** Paragraph 59 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 59.

**RESPONSE TO PARAGRAPH 60:** Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 60.

**RESPONSE TO PARAGRAPH 61:** Paragraph 61 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 61.

**FOURTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty Against Stone)**

**RESPONSE TO PARAGRAPH 62:** Defendants incorporate by reference their responses to Paragraph 1 to 61 above as though fully set forth herein.

**RESPONSE TO PARAGRAPH 63:** Paragraph 62 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge and on that basis deny all allegations in Paragraph 62.

**RESPONSE TO PARAGRAPH 64:** Paragraph 64 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 64.

**RESPONSE TO PARAGRAPH 65:** Defendants admit that a Celsius KeyFi loan was liquidated on or around February 23, 2021. Defendants otherwise deny the remaining allegations in paragraph 65.

10

**RESPONSE TO PARAGRAPH 66:** Paragraph 66 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 66.

**RESPONSE TO PARAGRAPH 67:** Paragraph 67 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 67.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment Against Stone)

**RESPONSE TO PARAGRAPH 68:** Defendants incorporate by reference their responses to Paragraph 1 to 67 above as though fully set forth herein.

**RESPONSE TO PARAGRAPH 69:** Paragraph 69 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 69.

**RESPONSE TO PARAGRAPH 70:** Paragraph 70 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 70.

**RESPONSE TO PARAGRAPH 71:** Paragraph 71 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 71.

**RESPONSE TO PARAGRAPH 72:** Paragraph 72 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 72.

**RESPONSE TO PARAGRAPH 73:** Paragraph 73 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 73.

**SIXTH CAUSE OF ACTION**
**(Replevin Against Both Defendants)**

**RESPONSE TO PARAGRAPH 74:** Defendants incorporate by reference their responses to Paragraph 1 to 73 above as though fully set forth herein.

**RESPONSE TO PARAGRAPH 75:** Paragraph 75 consists of legal conclusions to which no response is required. The MOU, APA and Service Agreement speak for themselves. To the extent a response is required, Defendants lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 75.

**RESPONSE TO PARAGRAPH 76:** Paragraph 76 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 76.

**RESPONSE TO PARAGRAPH 77:** Paragraph 77 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 77.

**RESPONSE TO PARAGRAPH 78:** Paragraph 78 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 78.

**RESPONSE TO PARAGRAPH 79:** Defendants admit that Plaintiffs made repeated demands but otherwise deny all allegations in Paragraph 79.

**RESPONSE TO PARAGRAPH 80:** Paragraph 80 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 80.

**RESPONSE TO PARAGRAPH 81:** Paragraph 81 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny or lack sufficient information and knowledge and on that basis deny all allegations in Paragraph 81.

**RESPONSE TO PARAGRAPH 82:** Paragraph 82 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 82.

### SEVENTH CAUSE OF ACTION
### (Accounting Against Stone)

**RESPONSE TO PARAGRAPH 83:** Defendants incorporate by reference their responses to Paragraph 1 to 82 above as though fully set forth herein.

**RESPONSE TO PARAGRAPH 84:** Paragraph 84 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 84.

**RESPONSE TO PARAGRAPH 85:** Defendants admit that Stone, in his role as CEO was entrusted with Celsius' coins to be managed, deployed and returned as authorized in the Services Agreement. Paragraph 85 otherwise consists of legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge and, on that basis, deny such allegations.

**RESPONSE TO PARAGRAPH 86:** Paragraph 86 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 86.

13

**RESPONSE TO PARAGRAPH 87:** Paragraph 87 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny or lack sufficient information and knowledge and, on that basis, deny all allegations in Paragraph 87.

**RESPONSE TO PARAGRAPH 88:** Defendants admit that they have not provided an accounting to Plaintiffs. Paragraph 88 otherwise consists of legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, and to each cause of action therein, Defendants, without conceding that they bear the burden of proof as to any of the defenses listed, and without admitting any of the allegations of the Complaint, allege as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the express provisions of the Memorandum of Understanding, APA and Service Agreement.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine *of in pari dilecto*, because Plaintiffs engaged in the same bad acts alleged against Defendants by making unauthorized trades and misappropriating, depositor funds and therefore are equally at fault.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of recoupment, which Defendants assert to reduce or extinguish Plaintiffs' claims against them.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs authorized the transfers they now complain of and have thus waived any argument that these transfers were unauthorized.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs authorized the transfers they now complain of and are therefore estopped from asserting that these transfers were unauthorized.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs fraudulently induced Defendants into the APA, MOU, and Services Agreement by falsely agreeing to hedge the funds transferred to Defendants.

### TRIAL BY JURY

Trial by jury is demanded on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for entry of judgment as follows:

1. That Plaintiffs take nothing by way of the Amended Complaint.
2. That the Amended Complaint be dismissed with prejudice.
3. For such and further relief as the Court deems just and proper

\*   \*   \*

Defendants reserve the right to amend the foregoing Answer and Affirmative Defenses.

Dated: December 22, 2022                                **KYLE ROCHE P.A.**

/s/ Kyle W. Roche
Kyle W. Roche
260 Madison Ave., FL 8
New York, NY 10016
kyle@kyleroche.law
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2022, I electronically filed the foregoing via the Court's CM/ECF system thereby serving all registered users in this case.

/s/ *Kyle W. Roche*
Kyle W. Roche