# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                     Debtors.<br><br>CELSIUS NETWORK LIMITED and<br>CELSIUS KEYFI LLC,<br><br>                     Plaintiffs,<br>        v.<br><br>JASON STONE and KEYFI, INC.,<br><br>                     Defendants. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered<br><br><br><br>Adversary Proceeding<br> No. 22-01139 (MG) |

### [PROPOSED] TEMPORARY RESTRAINING ORDER

This matter coming before the Court on the motion (the "Motion") [ECF No. 21] filed by Celsius Network Limited and Celsius KeyFi, LLC (together, the "Plaintiffs" or "Celsius") on November 14, 2022, seeking an order preliminarily enjoining Jason Stone, KeyFi, Inc. (collectively the "Defendants") and any of their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with the Defendants or with any of the Defendants' officers, agents, servants, employees, and attorneys (collectively the "Stone Parties") from engaging in certain conduct as identified in the Motion; the Court having reviewed the materials submitted in support of the Motion, including the accompanying memorandum of law, declarations, and evidence; and the Court having held an evidentiary hearing on January 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

and 12, 2023, to consider the relief requested in the Motion (the "Hearing"); the Court having "so-ordered" the transcript of the January 12, 2023 hearing in order to effectuate an immediate temporary restraining order pending entry of the instant order; and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having found that **(a)** the Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334; **(b)** due and proper notice of the Motion has been given in accordance with the Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief [Case No. 22-01139, ECF No. 1181] (the "CMO"); **(c)** service of the Motion was proper under Federal Rule of Civil Procedure 5 as made applicable by Bankruptcy Rule 7005 and the CMO; **(d)** post-trial briefing is warranted to assist the Court in its evaluation of the Motion; and **(e)** that an order granting, on a temporary basis, relief sought by the Motion that was not already granted pursuant to the December 16, 2022 Joint Stipulation and Agreed Order [ECF No. 52] is warranted while the Motion is pending and until further order of the Court.

**IT IS HEREBY ORDERED THAT:**

1.      Beginning on the date of the Hearing and continuing until otherwise ordered by this Court, the Stone Parties are restrained and enjoined from (a) transferring or otherwise disposing of any Property, including any Stone Utilized Assets and any Subject Property, that they took from any Celsius Wallet[2] and (b) using Tornado Cash or other means to conceal the location of property that could otherwise be available to satisfy a judgment in this case.[3] For the avoidance of doubt,

---

[2]  "Celsius Wallets" are the blockchain wallets in which Celsius deposited digital assets for deployment in authorized staking and decentralized finance activities by the Defendants, and to which Celsius supplied the seed phrase and/or private keys to the Defendants. "Stone Utilized Assets" refers to any assets removed or otherwise used by, or at the direction of, the Defendants from any Celsius Wallet. "Subject Property" refers to NFTs, interests in blockchain related companies, and any other property of any kind acquired in whole or in part with Stone Utilized Assets or their proceeds. "Property" refers collectively to the Stone Utilized Assets and the Subject Property.

[3]  "Tornado Cash" refers to the virtual currency mixer sanctioned by the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) on August 8, 2022.

the conduct restrained and enjoined by this Order includes (but is not necessarily limited to) any transfer or other disposition of any property identified in the Revised Affidavit of Jason Stone Pursuant to Joint Stipulation and Agreed Order [ECF No. 52] and its asset spreadsheet Exhibits, as submitted to this Court as Plaintiffs' Exhibits PX0064, PX0065, PX0068, PX0069, and PX0070.

2. The Stone Parties have represented that a portion of the Property is currently deployed in decentralized finance ("DeFi") activities (the "Positions") and agree that they will promptly respond to any reasonable request from Celsius concerning the Positions. To the extent Stone Parties believe in good faith that certain additional, related transactions may need to be performed while this Order is in effect to avoid an adverse financial event such as a liquidation, the Stone Parties may request in writing permission from Celsius to engage in such transaction, including by specifying the transaction(s) in which they wish to engage, and detailing the alleged consequences of entering or not entering into the identified transaction(s) or other reason that the Stone Parties propose entering into the identified transaction(s). The Stone Parties will not engage in any such transaction(s) without first receiving express written consent to do so, which consent may be in the form of an email. If such an event occurs at a time and or speed where a timely response from Celsius is not feasible, the Stone Parties may elect to add assets to the relevant crypto wallets, and any funds added in such a way will not be considered Subject to this Order. No funds will be transferred out of the relevant crypto wallet or otherwise disposed of as a result of any such transaction. Any gains of any kind whatsoever resulting from Defi activities involving the property, including, without limitation, interest / incentive rewards that accrue on the Positions shall constitute Property within the meaning of this Order, shall be subject to this Order and shall not be moved or otherwise transferred out of the relevant crypto wallet.

3. Any party or entity subject to this Order may seek a hearing in this Court upon five days' notice seeking to modify this Order as to such party or entity, or clarifying the obligations under this Order.

4. Pursuant to Federal Rule of Civil Procedure 65(b), made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7065, no additional notice to any person is required prior to entry and issuance of this Order.

5. Pursuant to Bankruptcy Rule 7065, the security provisions of Federal Rule of Civil Procedure 65(c) are waived.

6. Plaintiffs are authorized and empowered to take such action as may be necessary to implement and effectuate this Order.

7. This Order continues the relief ordered orally by the Court at the Hearing, and shall remain effective and enforceable until further order of the Court.

SO ORDERED this _____ day of January, 2023.

_____
THE HONORABLE MARTIN GLENN
United States Bankruptcy Judge