**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| CELSIUS NETWORK LIMITED and<br>CELSIUS KEYFI LLC,<br><br>                              Plaintiffs,<br>                         v.<br><br>JASON STONE and KEYFI, INC.,<br><br>                              Defendants. | Adversary Proceeding<br>   No. 22-01139 (MG) |

**TEMPORARY RESTRAINING ORDER**

This matter coming before the Court on the motion (the "Motion") [ECF No. 21] filed by Celsius Network Limited and Celsius KeyFi, LLC (together, the "Plaintiffs" or "Celsius") on November 14, 2022, seeking an order preliminarily enjoining Jason Stone, KeyFi, Inc. (collectively the "Defendants") and any of their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with the Defendants or with any of the Defendants' officers, agents, servants, employees, and attorneys (collectively the "Stone Parties") from engaging in certain conduct as identified in the Motion; the Court having reviewed the materials submitted in support of the Motion, including the accompanying memorandum of law, declarations, and evidence; and the Court having held an evidentiary hearing on January 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

and 12, 2023, to consider the relief requested in the Motion (the "Hearing"); the Court having "so-ordered" the transcript of the January 12, 2023 hearing in order to effectuate an immediate temporary restraining order pending entry of the instant order; and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having found that **(a)** the Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334; **(b)** due and proper notice of the Motion has been given in accordance with the Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief [Case No. 22-01139, ECF No. 1181] (the "CMO"); **(c)** service of the Motion was proper under Federal Rule of Civil Procedure 5 as made applicable by Bankruptcy Rule 7005 and the CMO; **(d)** post-trial briefing is warranted to assist the Court in its evaluation of the Motion; and **(e)** that an order granting, on a temporary basis, relief sought by the Motion that was not already granted pursuant to the December 16, 2022 Joint Stipulation and Agreed Order [ECF No. 52] is warranted while the Motion is pending and until further order of the Court.

**IT IS HEREBY ORDERED THAT:**

1. Beginning on the date of the Hearing and continuing until otherwise ordered by this Court, the Stone Parties are restrained and enjoined from (a) transferring or otherwise disposing of any Property, including any Stone Utilized Assets and any Subject Property[2] and (b) using Tornado Cash or other means to conceal the location of any property that could otherwise be available to satisfy a judgment in this case.[3] For the avoidance of doubt, the conduct restrained

---

[2] "Celsius Wallets" are the blockchain wallets in which Celsius deposited digital assets for deployment in authorized staking and decentralized finance activities by the Defendants, and to which Celsius supplied the seed phrase and/or private keys to the Defendants. "Stone Utilized Assets" refers to any assets removed or otherwise used by, or at the direction of, the Defendants from any Celsius Wallet. "Subject Property" refers to NFTs, interests in blockchain related companies, and any other property of any kind acquired in whole or in part with Stone Utilized Assets or their proceeds. "Property" refers collectively to the Stone Utilized Assets and the Subject Property.

[3] "Tornado Cash" refers to the virtual currency mixer sanctioned by the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) on August 8, 2022.

and enjoined by this Temporary Restraining Order ("TRO") includes (but is not necessarily limited to) any transfer or other disposition of any property identified in the Revised Affidavit of Jason Stone Pursuant to Joint Stipulation and Agreed Order [ECF No. 52] and its asset spreadsheet Exhibits, as submitted to this Court as Plaintiffs' Exhibits PX0064, PX0065, PX0068, PX0069, and PX0070.

2. The Stone Parties have represented that the Property identified on Exhibit A hereto (the "Exhibit A Property") is currently deployed in certain decentralized finance ("DeFi") activities (the "Positions"). The Court, having overruled Celsius' objection to the Stone Parties being permitted to continue deploying any Property during the period of this TRO, orders that the Stone Parties may during the course of the TRO or until further order of the Court continue to deploy the Exhibit A Property in the Positions.

3. To the extent any Stone Party believes in good faith that one or more additional, related transactions may need to be performed while this TRO is in effect to avoid an adverse financial event such as a liquidation, including, without limitation, any deployment of Property not identified on Exhibit A, the Stone Parties shall serve a request (a "Request") in writing on Celsius and the Official Committee of Unsecured Creditors (the "UCC"), care of their respective counsel, to engage in such transaction(s), including by specifying the transaction(s) in which they wish to engage (the "Identified Transaction(s)"), and detailing the alleged consequences of entering or not entering into the Identified Transaction(s) or other reason that the Stone Parties propose entering into the Identified Transaction(s). Celsius and the UCC may object to an Identified Transaction for any reason. If either Celsius or the UCC serves an objection (which may be by email) within two business days ("Notice Period") of the Request (an "Objection"), the objecting party, the Stone Parties and Celsius shall meet and confer in an effort to resolve the

dispute within two business days. If no such consensual resolution is reached within two business day of commencement of the meet and confer, any of the objecting party, the Stone Parties, Celsius, or the UCC may request a telephonic or zoom conference with the Court to seek its guidance in resolving the dispute. If the Notice Period passes without the service of an Objection, the Stone Parties may proceed with the Identified Transaction(s). For the avoidance of doubt, the Stone Parties will not engage in any such Identified Transaction(s) unless the Notice Period passes without objection, or the Stone Parties receive express written consent from the objecting party or parties, if any, or authorization from the Court.

4. If such an event occurs at a time and or speed where following the procedures set forth in paragraph 3 is not feasible, the Stone Parties may elect to add their own assets to the relevant crypto wallets, and reserve their right to argue that any assets added in such a way will not be considered subject to this TRO. For the avoidance of doubt no assets of any kind will be transferred out of the relevant crypto wallet or otherwise disposed of during the period of this TRO except in accordance with a further order of the Court. Any revenue, income, earnings, appreciation, yield or gains of any kind whatsoever resulting from DeFi activities involving any Property or the Positions, including, without limitation, interest / incentive rewards that accrue on the Positions shall constitute Property within the meaning of this TRO, shall be subject to this TRO and shall not be moved or otherwise transferred out of the relevant crypto wallet.

5. Beginning on Friday, February 17, 2023, and continuing every two weeks thereafter while this TRO is in effect, the Stone Parties shall send to Celsius and the UCC, care of their respective counsel, a then-current statement of profits and losses associated with the activities permitted under this TRO ("Report"), including, without limitation a summary of the Positions and any interest / incentive rewards that accrue on the Positions. The Stone Parties will also include

in this Report a list and description of any transactions executed in connection with the Positions, including any Identified Transactions executed pursuant to Paragraph 2 of this TRO. Celsius and the UCC may share the Report, including the summary, with parties-in-interest in its bankruptcy cases.

6. Any party or entity subject to this TRO may seek a hearing in this Court upon five days' notice seeking to modify this TRO as to such party or entity, or clarifying the obligations under this TRO.

7. Pursuant to Federal Rule of Civil Procedure 65(b), made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7065, no additional notice to any person is required prior to entry and issuance of this TRO.

8. Pursuant to Bankruptcy Rule 7065, the security provisions of Federal Rule of Civil Procedure 65(c) are waived.

9. Plaintiffs are authorized and empowered to take such action as may be necessary to implement and effectuate this TRO.

10. Notwithstanding Federal Rule of Civil Procedure 65, Bankruptcy Rule 7065, or any other applicable rule, this TRO shall remain effective and enforceable until further order of the Court. The Defendants consent to extending the TRO for the period necessary for the Court to consider the parties' post-Hearing submissions and determine the Motion.

**IT IS SO ORDERED:**

Dated:  February 14, 2023
          New York, New York

                                                              **/s/ Martin Glenn**
                                                              MARTIN GLENN
                                                              Chief United States Bankruptcy Judge