**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                    Debtors.<br><br>CELSIUS NETWORK LIMITED and<br>CELSIUS KEYFI LLC,<br><br>                    Plaintiffs,<br>      v.<br><br>JASON STONE and KEYFI, INC.,<br><br>                  Defendants. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered<br><br><br>Adversary Proceeding<br>No. 22-01139 (MG) |

**JOINT STIPULATION AND STAY ORDER**

This stipulation and agreed order (the "Stipulation and Order") is entered into by and among Plaintiffs Celsius Network Limited and Celsius KeyFi LLC (the "Plaintiffs" or "Celsius"), and Defendants Jason Stone and KeyFi, Inc. (the "Defendants" and together with the Plaintiffs, the "Parties") in the above-captioned adversary proceeding (the "Adversary Proceeding"). The Parties agree and stipulate to the following:

**WHEREAS**, on August 23, 2022, Plaintiffs filed an adversary complaint (the "Complaint") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") against Defendants;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

**WHEREAS,** on October 13, 2022, Celsius filed an amended adversary complaint (the "Amended Complaint") against Defendants in the Adversary Proceeding asserting claims for turnover, conversion, fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, replevin, and accounting;

**WHEREAS,** on October 26, 2022, the Bankruptcy Court entered the Case Management and Scheduling Order #1 ("CMO") [ECF No. 15] which has governed the Adversary Proceeding to date;

**WHEREAS,** on December 22, 2022, Defendants filed their Answer to the Amended Complaint;

**WHEREAS,** the Parties wish to temporarily stay certain deadlines provided in the CMO as outlined herein;

**WHEREAS,** the Parties now jointly submit this Stipulation and Order and respectfully request that the Bankruptcy Court approve the stipulation (the "Stipulation") set forth below.

**IT IS THEREFORE STIPULATED, AGREED AND ORDERED THAT:**

1. All deadlines in the Adversary Proceeding, including, without limitation, deadlines in connection with formal party discovery are stayed (the "Stay") and, subject to the terms of this Stipulation set forth below, shall remain stayed for a period of sixty (60) days, which period may be extended without further Court intervention by written agreement of the Parties for a period of up to an additional sixty (60) days by filing a further stipulation to that effect on the docket (such period, as may be extended, the "Stay Period"). Notwithstanding the Stay, the parties can take third party discovery during the Stay Period, and Defendants shall provide the disclosures and cooperation as outlined herein during the Stay Period.

2

2. Without limiting or modifying Celsius' (i) outstanding discovery requests or rights or remedies relating thereto, or (ii) right or ability to seek further formal or informal discovery, within seven (7) days of the date hereof, Defendants shall:

    a. Amend their responses and objections to Celsius' First Set of Interrogatories to Defendants (dated September 28, 2022, each an "Interrogatory") to identify:

        i. In response to Interrogatory 4, the public key for all wallets owned, controlled, directed, or operated by or for the benefit of any of the Defendants, or for which any of the Defendants have the seed phrase or private key, from August 1, 2020 until the present,

        ii. In response to Interrogatories 5 and 6, the last known contact information (including electronic messaging addresses and physical addresses) for all identified persons.

    b. In a sworn writing, identify:

        i. Whether Stone or any Stone Party was the seller of the Mega Trippy Mutant Ape #3005 ("MTMA") in August 2022;

        ii. The purchaser of MTMA;

        iii. The consideration received for the sale of MTMA;

        iv. The transaction hash(es) associated with the sale transaction (including the transfer of the MTMA and the transfer of consideration received for MTMA)

        v. The source of the funds used to acquire the M3 Serum used to "mint" the MTMA;

        vi. The current owner of Mega Demon Mutant 4849;

      vii. To the extent known, the person or persons with possession, custody or control over the wallets listed below:

1. 0x904912b9a2cf0185c06020fe90d51e08b2880d99
2. 0x40c839B831C90173dC7fBCe49A25274a4688ddD9
3. 0xb4af0a1ba9e4a0f1457c3009a8f9345cd9ec407b
4. 0x0e54905b8d7d1a7bf020d01e3fff2e5a018fb624
5. 0x7D602b32acD5942A619f49e104b20C0553c93405
6. 0x3bf4089C7D080C04233007C3577062d5c0Df9fa6
7. 0x979a0cda82167619E5b694469Fd346fD0305B9Ef

c. Produce all responsive, non-privileged communications, including, without limitation, emails, WhatsApp messages, Telegram messages, Signal messages, and iMessages, including audio files, voice recordings, and other attachments, from any of Jason Stone's devices, including those that have not yet been produced as a result of the "issue with the review and production of messaging applications" identified by Defendants in their counsel's February 14, 2023 email.

d. Produce all responsive, non-privileged documents associated with all of Defendants' email domains, including, but not necessarily limited to, actual@0xb.one, jason@0xb.one, jason@keyfi.io, dennis@keyfi.io, lukasz@keyfi.io, jeremy@keyfi.io, dan@keyfi.io, maciej@keyfi.io, cindy@keyfi.io, kris@keyfi.io, reza@keyfi.io, fernando@keyfi.io, cezary@keyfi.io, reche@0xb.one; theo@0xb.one; lukasz@0xb.one; rafal@0xb.one; dragos@0xb.one; cezary@0xb.one; lena@0xb.one;

4

julian@0xb.one; dennis@0xb.one; vlad@0xb.one; karol@keyfi.io; lazar@0xb.one; maciej@0xb.one.

3. In addition, during the Stay Period, the Defendants shall cooperate with Celsius, its counsel, and advisors to promptly, reasonably, and in good faith share non-privileged information as may be requested, to, without limitation, (a) facilitate the complete tracing of the coins provided to Defendants for deployment, as well as any proceeds thereof; (b) determine the consequences of Defendants' activities with such coins, including, without limitation, any "impermanent loss" associated with such activities; and (c) to ascertain the identity and disposition of all assets constituting or derived, directly or indirectly, from coins transferred from Celsius to Defendants for deployment. Defendants' cooperation shall include, but is not limited to, providing information, documents and communications concerning:

a. The identity of all transfers or other transactions, directly or indirectly, to or for the benefit of the Defendants of coins, non-fungible tokens ("NFTs"), and other assets or property interests of any kind from any Celsius Wallet[2] at any time (including any direct or indirect proceeds thereof, or any NFTs acquired with Celsius assets or property);

b. The identity, chain of subsequent transfers or other dispositions and current location of coins, NFTs, and other assets or property of any kind transferred to or for the benefit of the Defendants at any time (including any proceeds thereof) from any Celsius Wallets;

---

[2] The term "Celsius Wallet" shall have the same meaning as in the Temporary Restraining Order entered on February 14, 2023 [ECF No. 76].

5

    c. The deployments and other activities undertaken by Defendants with coins or other assets or property of any kind made available to Defendants by Celsius for authorized staking and decentralized finance activities, including the performance of such deployment activities and any impermanent loss or other loss associated therewith.

4. To the extent reasonably practicable, Defendants shall provide information in a form that will be usable in any resumed ligation, though it is acknowledged that certain settlement-specific meetings, communications, and analyses may be designated as subject to Rule 408 in an effort to encourage maximum transparency.

5. Either Plaintiffs or Defendants may end the Stay and resume the litigation at any time by filing a notice ("Notice") on the docket to that effect. The "Stay Expiration Date" shall be the day on which a Notice is filed, or the last day of the Stay Period, whichever is earlier.

6. Paragraph 3 of the CMO is hereby amended to provide that all fact discovery shall be completed no later than sixty (60) days following the Stay Expiration Date.

7. Nothing provided herein shall limit or modify (i) the temporary restraining order granted by the Court orally on January 12, 2023 and entered on February 14, 2023 [ECF No. 76], which shall remain in full force and effect during the Stay Period and until further order of the Court, or (ii) any party's right during the Stay Period to seek further emergency relief from the Court to the extent such party reasonably believes such relief is necessary or appropriate.

8. Notwithstanding the post-trial briefing schedule entered by the Court on February 9, 2023 [ECF No. 75], post-trial reply briefs, if any, shall be submitted on the first business day that is 10 days after the Stay Expiration Date.

**SO STIPULATED:**

Date: February 27, 2023

| | |
|---|---|
| */s/ Mitchell P. Hurley* | */s/ Kyle W. Roche* |
| **AKIN GUMP STRAUSS HAUER & FELD LLP** | **KYLE ROCHE P.A.** |
| Mitchell P. Hurley | Kyle W. Roche |
| Dean L. Chapman Jr. | 260 Madison Ave., FL 8 |
| One Bryant Park | New York, New York 10016 |
| New York, New York 10036 | Email: kyle@kyleroche.law |
| Telephone: (212) 872-1000 | *Counsel to Jason Stone and* |
| Facsimile: (212) 872-1002 | *KeyFi, Inc.* |
| Email: mhurley@akingump.com | |
| dchapman@akingump.com | |

— and —

Elizabeth M.D. Scott (admitted *pro hac vice*)
Jessica J. Mannon (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: edscott@akingump.com
jmannon@akingump.com

*Counsel to Celsius KeyFi LLC and Celsius Network Limited*

**IT IS SO ORDERED:**

Dated:   February 28, 2023
             New York, New York

                      **/s/ Martin Glenn**
                         MARTIN GLENN
           Chief United States Bankruptcy Judge